IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 5, 2002

**STATE OF TENNESSEE v. WILLIAM LEE CLIFTON**

**Interlocutory Appeal from the Circuit Court for Decatur County**
**No. 01-CR-056     C. Creed McGinley, Judge**

---

**No. W2002-00661-CCA-R9-CD  - Filed December 20, 2002**

---

In this interlocutory appeal, the defendant seeks review of the state's denial of pretrial diversion for the offense of sexual battery.  We conclude that the prosecutor failed to consider and weigh all relevant factors and, under the circumstances of this case, improperly relied upon the defendant's refusal to take responsibility for his actions.  Accordingly, we reverse the order of the trial court and remand this matter to the district attorney general for further consideration of the defendant's request for pretrial diversion in accordance with this opinion.

**Tenn. R. App. P. 9 Interlocutory Appeal By Permission; Judgment of the Circuit Court**
**Reversed; Remanded**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID G. HAYES and ROBERT W. WEDEMEYER, JJ., joined.

Carthel L. Smith, Jr., Lexington, Tennessee, for the appellant, William Lee Clifton.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; G. Robert Radford, District Attorney General; and Jerry W. Wallace, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant, William Lee Clifton, was indicted for the alleged sexual battery of his foster daughter.  The defendant applied for pretrial diversion, and, pursuant to a court order, a probation officer prepared an investigation report.  The report indicated the thirty-eight-year-old defendant had no prior convictions.  According to the report, the defendant was a high school graduate, attended college for three years, secured his EMT license, and, at the time of the report, had worked two years as a paramedic.  The defendant's supervisor indicated the defendant was a "good employee and a good person" and had recently received an achievement award.  The defendant held a prior full-time job for thirteen years before becoming a paramedic and worked part-time at the Northwest Counseling Center and as a reserve officer with the sheriff's department.

At the time of the report, the defendant had been married nearly twenty years. He and his wife had been foster parents for approximately ten years. According to the report, the defendant serves on the state foster care review board. The report also indicated the defendant did not use alcohol or drugs.

The defendant gave a written statement as part of the report in which he denied committing the offense. The defendant reported his wife was present at the time of the alleged offense and was able to observe the defendant and the alleged victim as they sat near each other for approximately thirty minutes while the defendant studied, chatted with his wife, and supervised the alleged victim's use of the internet.

In addition to the report, the defendant submitted a TBI certificate of eligibility for pretrial diversion and a petition signed by numerous persons requesting that the defendant be placed on diversion.

An assistant district attorney denied the defendant's request for pretrial diversion in a letter which stated:

> It is the position of the State of Tennessee that [the defendant] has failed to meet the requirements that would entitle him to extraordinary relief.
>
> In denying Pre-Trial Diversion I have considered the following factors:
>
> 1. The only things filed on behalf of the defendant was [sic] the investigative report . . ., application for certificate of eligibility . . ., and a petition signed by numerous [sic] individuals. The report reveals that the defendant is a 38 year old male, with no prior criminal record, being a high school graduate, and presently employed as a paramedic where he has worked since 12/99 and has kept foster children for approximately 10 years.
>
> 2. The nature of the crime. Sex offenses are a big problem in Decatur County, this Judicial District and throughout the State of Tennessee. In this County, there has [sic] been six convictions for statutory rape and one for rape of a child in the past twelve months.
>
> 3. Degree of trust between the victim and the defendant. The defendant being a foster parent for some ten years and the victim having been [in] the home for approximately five years had a high degree of trust in the defendant.
>
> 4. Defendant refuses to accept any responsibility for his actions.

5. The victim being a very vulnerable person to defendant's action due to age and position of trust in the defendant, being a foster child.

6. Deterrence is certainly necessary to combat this type of criminal activity because the propensity toward future criminal activity would not be curbed if persons charged with this type of crime received Pre-Trial Diversion with little punitive ramifications.

Thus[,] considering the circumstances of the offense, the deterrent effect, the likelihood that Pre-Trial Diversion would not serve the ends of justice and the best interest of the public, defendant's request for Pre-Trial Diversion is denied.

The defendant petitioned the trial court for a writ of certiorari seeking review of the prosecutor's decision. Following a hearing, the trial court found the assistant district attorney's letter specified the reasons for the denial and showed the prosecutor considered the defendant's favorable background, lack of criminal record, and, nonetheless, had sufficient reasons to deny pretrial diversion. Therefore, the trial court denied the defendant's request for relief. This matter is now before this court upon interlocutory appeal.

## I. PRETRIAL DIVERSION

The pretrial diversion statute allows a district attorney general to suspend the prosecution of an eligible defendant for a period not to exceed two years. *See* Tenn. Code Ann. § 40-15-105(a)(1). There is no presumption that a person eligible for pretrial diversion is entitled to diversion. State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999). The defendant bears the burden of establishing pretrial diversion is appropriate and in the interest of justice; therefore, it is the defendant's responsibility to submit substantial favorable evidence for the district attorney general's consideration. State v. Bell, 69 S.W.3d 171, 179 (Tenn. 2002).

The decision to grant or deny an application for pretrial diversion is within the discretion of the district attorney general. Tenn. Code Ann. § 40-15-105(b)(3); State v. Pinkham, 955 S.W.2d 956, 959 (Tenn. 1997). The district attorney general must focus on the defendant's amenability to correction and consider any factors which tend to accurately reflect the defendant's propensity to become a repeat offender. State v. Yancey, 69 S.W.3d 553, 557 (Tenn. 2002); State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983). These factors include: (1) the circumstances of the offense; (2) the defendant's criminal record; (3) the defendant's social history; (4) where appropriate, the defendant's physical and mental condition; (5) the likelihood pretrial diversion will serve the ends of justice; and (6) the best interest of both the public and the defendant. Hammersley, 650 S.W.2d at 355. The district attorney should clearly articulate these factors for the record to facilitate appellate review. *Id.* If pretrial diversion is denied, the denial must be written, must list the evidence considered, discuss which factors were considered, and discuss the weight accorded to each factor. Curry, 988 S.W.2d at 157.

If an application for pretrial diversion is denied, a defendant may appeal to the trial court for a writ of certiorari to determine if the district attorney general abused his or her prosecutorial discretion. Tenn. Code Ann. § 40-15-105(b)(3). In reviewing the prosecutor's decision, the trial court must consider only the evidence considered by the district attorney general and conduct a hearing only to resolve factual disputes concerning the application. Curry, 988 S.W.2d at 157-58. The discretion to grant or deny pretrial diversion rests with the district attorney general rather than the trial court. Bell, 69 S.W.3d at 179.

The trial court must determine whether the prosecutor has abused his or her discretion by failing to consider and weigh all the relevant factors or by reaching a decision not supported by substantial evidence. Curry, 988 S.W.2d at 158. If the trial court concludes the prosecutor failed to consider all the relevant factors and their weight when the prosecutor denied an application for pretrial diversion, the trial court must reverse the prosecutor's decision and remand the matter to the prosecutor for further consideration of all the relevant factors. Bell, 69 S.W.3d at 179.

## II. DEFENDANT'S RESPONSIBILITY TO PROVIDE INFORMATION

On appeal, the state contends the defendant failed to provide sufficient information to establish he is an appropriate candidate for pretrial diversion. We do not agree.

The defendant must provide the prosecutor with sufficient background information and data to enable the prosecutor to make a reasoned decision, *see* Bell, 69 S.W.3d at 179; an investigation report authorized by Tennessee Code Annotated section 40-15-104 may be used to supplement the information provided by the defendant. State v. Herron, 767 S.W.2d 151, 156 (Tenn. 1989). In the instant case, the investigation report was the basic source of information regarding the defendant's background. While we note the better practice is for the defendant to provide as much independent information to the district attorney as possible, in this instance the investigation report contained sufficient background information.

## III. DENIAL OF GUILT

The letter written by the assistant district attorney indicates he considered the information contained in the investigation report regarding the defendant's age, high school education, present employment, and lack of criminal convictions. He also considered the petition signed by numerous people in the community. There is no indication the assistant district attorney considered the defendant's post-high school education of three years, his stable and lengthy work history prior to becoming a paramedic, his twenty-year marriage, nor his amenability to correction. According to the letter, the prosecutor considered as negative factors the need for deterrence, the violation of trust in the foster parent relationship, and the defendant's refusal to accept responsibility for his actions. Relying upon the circumstances of the offense, the need for deterrence, and diversion being incompatible with the ends of justice, the prosecutor denied pretrial diversion.

While the need for deterrence and the nature of the defendant's trust relationship with the alleged victim may be proper factors for a prosecutor to consider in determining whether to grant pretrial diversion, *see* Hammersley, 650 S.W.2d at 354-55, a prosecutor cannot make an admission of guilt a prerequisite to favorable consideration for pretrial diversion. State v. Lane, 56 S.W.3d 20, 29 (Tenn. Crim. App. 2000). In the instant case, the defendant denied the victim's allegations and explained in detail his version of the events in question.

We distinguish the facts of this case from those of State v. William David Marks, M2001-01497-CCA-R9-CO, 2002 Tenn. Crim. App. LEXIS 428 (Tenn. Crim. App. May 10, 2002, at Nashville), in which this court found the prosecutor properly considered the defendant's lack of remorse and failure to take responsibility as factors in determining whether pretrial diversion would be proper. *Id.* at \*16. In Marks, the prosecutor's response to the defendant's request for pretrial diversion on charges of misdemeanor assault described the state's proof against the defendant, which included the potential testimony of two independent witnesses who observed the alleged offense, the potential testimony of police officers who investigated the alleged offense, and photographs of the victim's injuries. *Id.* at \*\*2-4. By all indications in the record, the state's case against the defendant was strong. The defendant did not deny the alleged assault, but instead averred he suffered from loss of memory. *Id.* at \*3. The prosecutor further opined the defendant's statements regarding the charges indicated a lack of remorse because the defendant attributed the alleged assault to his diabetic condition, socializing with the victim, and "bad luck." *Id.* at \*\*5-6. We stated the factors of lack of remorse and failure to take responsibility may relate to a defendant's potential for rehabilitation, and, under the facts and circumstances of that case, the application of those factors was supported by the evidence in the record. *Id*. at \*\*16-17.

In the instant case, the record before this court is silent concerning the state's potential proof against the defendant, other than the general allegations as they appear in the indictment and the original warrant. The investigation report states the general sessions court dismissed the charges for lack of evidence before the defendant was indicted. According to the investigation report, the defendant denied the victim's allegations, explained his version of the facts in question, and proffered his wife as a potential witness to the facts he described. In his letter denying pretrial diversion, the prosecutor offered no reason, other than the defendant's insistence that he is innocent of the charges against him, to support his finding that the defendant refused to accept responsibility for his actions. Unlike Marks, there is no indication of the strength of the state's case. The defendant's alleged refusal to take responsibility for his actions, under the circumstances of this case, was not properly considered.

Furthermore, the letter of denial does not consider the defendant's amenability to correction, his correct educational history, his long-term stable employment history, nor his twenty-year marriage. In addition, the letter does not indicate the "weight accorded each [relevant factor]." Pinkham, 955 S.W.2d at 960.

When the prosecutor does not consider and weigh the relevant factors, the remedy is to remand to the prosecutor for further consideration. Bell, 69 S.W.3d at 179. We may not "fill in the

gaps." *Id.* Accordingly, we remand this matter to the district attorney general to further consider and weigh all relevant factors to determine the defendant's eligibility for pretrial diversion.

_____
JOE G. RILEY, JUDGE