# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
September 5, 2001 Session

## STATE OF TENNESSEE v. JOHNNIE BELL, JR.

**Appeal By Permission from the Court of Criminal Appeals**
**Criminal Court for Sullivan County**
**No. S41906      Phyllis H. Miller, Judge**

---

**No. E1999-00819-SC-S09-CD - Filed January 28, 2002**

---

We granted this appeal to determine the following issues:  (1) whether the district attorney general abused his discretion by failing to consider and weigh evidence favorable to the defendant before denying the defendant's request for pretrial diversion; and (2) whether the trial court erred in upholding the denial of pretrial diversion despite the district attorney general's failure to consider and weigh evidence favorable to the defendant.  A majority of the Court of Criminal Appeals recognized that the district attorney general abused his discretion by failing to consider and weigh all of the relevant factors, including evidence favorable to the defendant, but nevertheless concluded that the trial court properly found that substantial evidence supported the denial of pretrial diversion.

After a thorough review of the record and relevant authority, we hold that when the district attorney general denies pretrial diversion without considering and weighing all the relevant factors, including substantial evidence favorable to the defendant, there is an abuse of prosecutorial discretion.  We further hold that in such a case, the proper remedy under the applicable standards of review requires a remand for the district attorney general to consider and weigh all of the relevant factors to the pretrial diversion determination.  The judgment of the Court of Criminal Appeals is reversed, and this case is remanded for the district attorney general's further consideration of the defendant's pretrial diversion application in a manner consistent with this opinion.

**Tenn. R. App. P. 9; Judgment of the Court of Criminal Appeals Reversed**

E. RILEY ANDERSON, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and ADOLPHO A. BIRCH, JR., AND WILLIAM M. BARKER, JJ., joined.  HOLDER, J., filed a dissenting opinion.

George Todd East, Kingsport, Tennessee, for the appellant, Johnnie Bell, Jr.

Paul G. Summers, Attorney and Reporter; Michael E. Moore, Solicitor General; Patricia C. Kussmann, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and J. Lewis Combs, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## BACKGROUND

The defendant, Johnnie Bell, Jr., was charged with vehicular homicide[1] and aggravated assault.[2] The charges arose from a collision between a tractor-trailer driven by Bell and a minivan driven by Mrs. Lois Bacon on July 6, 1998. Bacon was killed in the collision; and her daughter, a passenger in the minivan, was injured. Bell was not injured, and there was only minor damage to his tractor-trailer. After being charged, Bell applied for pretrial diversion.[3]

In a statement to Kingsport Police Officer Jerry Mowell, Bell stated that he was traveling north on Interstate 81 in the right lane when the minivan in front of him entered the far right emergency lane as if to approach the exit ramp. Bell stated that he noticed cars entering the interstate northbound and two tractor-trailers and a car on the left side of his tractor-trailer. When the minivan re-entered the right lane, Bell drove as close to the center line as possible while braking, but still hit the left rear side of the minivan.

In the pretrial diversion report, Bell stated that he felt terrible about the victim's death but that the accident was unavoidable, and he was not negligent. Officer Jerry Mowell reported that Bell was truthful and cooperative during the investigation and showed extreme remorse for the accident. Officer Mowell stated that if anyone deserved pretrial diversion, Bell did; although pretrial diversion was a matter for the district attorney general's office. In a recorded telephone conversation, Officer Mowell asked Bell about the victim's entry into the emergency lane. Bell indicated that the minivan's left tires reached the solid white line that separated the right lane from the emergency lane, but he agreed that the entire minivan never completely crossed into the emergency lane.

According to the pretrial diversion report, Bell was 34 years old at the time of the accident. He had been married for thirteen years and had three children. Bell graduated from high school and served seven years in the army before receiving an honorable discharge. After leaving the army, Bell completed truck driving school in Clarksville, Tennessee, and then drove trucks for different employers. He worked for J. B. Hunt Transport for a year and three months and then for M. S. Carriers for three years, leaving both positions to take another job. Bell next worked as a truck driver for Watkins Motor Lines, but was discharged after nine months. He worked as a truck driver for Overland Transport for a year and four months before leaving to take another job. Bell then worked as a truck driver for Active Transportation for two years and ten months before he was fired

---

[1]     See Tenn. Code Ann. § 39-13-213 (1997) (a class C felony).

[2]     See Tenn. Code Ann. § 39-13-102 (1997) (a class D felony).

[3]     "A qualified defendant may, by a memorandum of understanding with the prosecution, agree that the prosecution will be suspended for a specified period, not to exceed two (2) years from the filing of the memorandum of understanding." Tenn. Code Ann. § 40-15-105(a)(1)(A) (Supp. 2001).

as a result of the present offenses. At the time he was interviewed, Bell worked as a releasing agent for Auto Rail Services, and a representative of the company characterized him as a good employee.

The pretrial diversion report also indicated that Bell paid a fine following a conviction for defective equipment in 1994. Additionally, Bell reported incurring two speeding tickets in Ohio and having a following-too-closely offense in Louisiana. Bell reported that although he had back problems, he was in good physical health and excellent mental health. Bell also stated that he had used alcohol once, but did not like the taste. He reported no other drug use. A laboratory report revealed that Bell had not used drugs on the day of the offenses.

The district attorney general reviewed the following information: Bell's pretrial diversion report; his statement to Officer Mowell; a Tennessee Bureau of Investigation laboratory report; materials by the Citizens for Reliable and Safe Highways; and a transcript of Bell's telephone conversation with Officer Mowell. In a letter dated March 26, 1999, the district attorney denied Bell's request for pretrial diversion, noting the following reasons:

> 1. The defendant takes no responsibility for his actions and blames the victim in this case. The defendant admits that the victim never entirely left her lane of travel. The defendant states on page 3 of the Pre-Trial Diversion Report that the "accident was unavoidable on his behalf" and that he "was not negligent in his actions." The lack of acceptance of responsibility on behalf of the defendant shows that he would be a poor candidate for rehabilitation.
>
> 2. The defendant admits to having two speeding tickets and one conviction for following too closely. There is evidence that the defendant was following too closely to the victim of this fatality. The defendant has violated the motor vehicle rules in the past but chose to drive dangerously again.
>
> 3. The defendant had no hesitation in acting recklessly and did endanger several motorists other than the victims. Other motorists were in danger of serious bodily injury. Diversion would depreciate the seriousness of these crimes.
>
> 4. The defendant has an unstable work history as a truck driver. He has been terminated twice and all of his jobs have been of short duration. The defendant would be a poor candidate to complete any probationary period.
>
> 5. The driver was driving a large semi-truck. The victim was driving a Dodge Caravan. The officer states that the victim was killed in part by the fact that the defendant was following too closely. The defendant should have reasonably known of his vehicles [sic]

potential for deadly force. Fatalities by large trucks are a growing problem in our community and in our nation. Irresponsible driving of these vehicles must be deterred nationwide. Truck crashes increased from 383,000 in 1996 to 444,000 in 1997. In 1997 there were 717 fatalities of truck occupants compared with 4,638 fatalities of passenger-vehicle occupants involved in truck-car crashes. Although large trucks represent only 3% of all registered vehicles on the road, they were involved in over 25% of passenger vehicle occupant deaths in multiple-vehicle crashes.

Following the denial of pretrial diversion, Bell petitioned the trial court for a writ of certiorari. The trial court found that there was substantial evidence to support each of the five factors listed in the district attorney general's denial letter and found no abuse of discretion. Although the trial court expressed concern about the district attorney general's failure to consider evidence favorable to Bell, such as his honorable discharge from the army, his stable marriage of thirteen years, his high school diploma, and his lack of a history of drug or alcohol abuse, it concluded that a grant of pretrial diversion would depreciate the seriousness of the offenses and undermine the judicial system.

Bell filed an interlocutory appeal in the Court of Criminal Appeals, arguing that the district attorney general abused his discretion by failing to consider all the factors relevant to pretrial diversion and that the district attorney general's abuse of discretion required the trial court to grant pretrial diversion. A majority of the Court of Criminal Appeals agreed that the district attorney general abused his discretion by failing to consider evidence favorable to Bell, but held that substantial evidence supported the trial court's conclusion that pretrial diversion was not warranted in this case. In a dissenting opinion, Judge David Welles concluded that the district attorney general had abused his discretion by failing to consider evidence favorable to the defendant and that the abuse of discretion required a remand for an order placing Bell on pretrial diversion.

We granted the defendant's application for permission to appeal.

## ANALYSIS

Under the pretrial diversion program, the district attorney general is permitted to suspend a prosecution against a qualified defendant for a period of up to two years. See Tenn. Code Ann. § 40-15-105(a)(1)(A) (1997 & Supp. 2001). A defendant is statutorily eligible for pretrial diversion if he or she (1) has not previously been granted diversion; (2) has no prior misdemeanor conviction for which confinement was served; (3) has no prior felony conviction within a five-year period after completing the sentence or probationary period for the conviction; and (4) is not charged with a class A felony, a class B felony, certain class C felonies, a sexual offense, driving under the influence, or vehicular assault. See Tenn. Code Ann. § 40-15-105(a)(1)(B)(i)(a)-(c) (Supp. 2001).

-4-

A person who is statutorily eligible for pretrial diversion is not presumptively entitled to diversion. State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999). Rather, the district attorney general has the sole discretion to determine whether to grant pretrial diversion to one who is statutorily eligible. See id.; State v. Pinkham, 955 S.W.2d 956, 959 (Tenn. 1997). In order for the district attorneys general "to properly exercise the discretion vested in them by the pretrial diversion statute," this Court has established several objective considerations:

> When deciding whether to enter into a memorandum of understanding under the pretrial diversion statute a prosecutor should focus on the defendant's amenability to correction. Any factors which tend to accurately reflect whether a particular defendant will or will not become a repeat offender should be considered. Such factors must, of course, be clearly articulable and stated in the record in order that meaningful appellate review may be had. Among the factors to be considered in addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant.

State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983) (citations omitted); see also State v. Pinkham, 955 S.W.2d at 959-60.[4]

In cases where the district attorney general denies an application for pretrial diversion, the denial must be written and must discuss all of the relevant factors considered and the weight accorded to each factor. State v. Curry, 988 S.W.2d at 157. That a defendant bears the burden of establishing suitability for diversion does not relieve the district attorney general of the obligation of examining all of the relevant factors and of setting out all of the required written findings. Id.; see also State v. Pinkham, 955 S.W.2d at 959. In addition, the denial statement must identify factual disputes between the evidence relied upon and the application filed by the defendant. State v. Curry, 988 S.W.2d at 157.

If an application for pretrial diversion is denied, the defendant may appeal to the trial court for a writ of certiorari. Tenn. Code Ann. § 40-15-105(b)(3) (1997 & Supp. 2001). On review, the trial court must consider only the evidence considered by the district attorney general and must

---

[4] A grant of diversion must be conditioned on one or more of the following: that the defendant not commit any criminal offenses; that the defendant refrain from activities or conduct, or associations related to the charge; that the defendant receive rehabilitative treatment, counseling, and education; that the defendant make restitution to the victim; that the defendant pay court costs and the costs of diversion; and that the defendant abide by any other terms or conditions as may be agreed upon. Tenn. Code Ann. § 40-15-105(a)(2)(A)-(H) (1997 & Supp. 2001). If the defendant violates a term or condition, diversion may be terminated and the prosecution resumed. Tenn. Code Ann. § 40-15-105(d) (1997 & Supp. 2001).

determine whether the district attorney general has abused his or her discretion. See State v. Curry, 988 S.W.2d at 158 (citation omitted). To determine whether there has been an abuse of discretion, the trial court must determine whether the district attorney general has considered all of the relevant factors and whether substantial evidence existed to support the denial of diversion. Id.; see also State v. Hammersley, 650 S.W.2d at 353.[5] The trial court may conduct a hearing, but only to resolve any factual disputes raised by the district attorney general or the defendant. State v. Curry, 988 S.W.2d at 158. On appeal, the appellate court is bound by factual findings made by the trial court unless the evidence preponderates against them. Id.

With these principles in mind, we turn to the facts of this case. The district attorney general denied pretrial diversion because Bell failed to take responsibility for his actions, has a record of traffic offenses, acted recklessly, endangered persons other than the victims, and has an unstable work history. The district attorney general also cited a need to deter irresponsible driving by tractor-trailer drivers. The district attorney general, however, failed to consider evidence favorable to Bell, such as his honorable discharge from the United States Army, stable marriage of thirteen years, high school diploma, and lack of a history of drug or alcohol abuse. Moreover, the district attorney general failed to set forth this favorable evidence in writing, weigh it against the other factors, and reach a conclusion based on the relative weight of all of the factors.

This Court has stated unequivocally that the district attorney general has a duty to exercise his or her discretion by focusing on a defendant's amenability for correction and by considering all of the relevant factors, including evidence that is favorable to a defendant. State v. Pinkham, 955 S.W.2d at 959; State v. Hammersley, 650 S.W.2d at 353. In Curry, for example, the district attorney general denied diversion, concentrating only upon the circumstances of the offense and the need for deterrence. 988 S.W.2d at 159. On writ of certiorari, the trial court found that the district attorney general abused his discretion by failing to consider and weigh the defendant's lack of a criminal record, favorable social history, and amenability to correction. See id. at 156. This Court agreed:

> [T]he prosecutor's denial letter concentrated solely upon the circumstances of the offense and, arguably, a veiled consideration of deterrence. <u>There was no apparent consideration given to the defendant's lack of a criminal record, favorable social history, and obvious amenability to correction. Moreover, the prosecutor did not articulate or state why those factors that were considered, i.e., seriousness of the offense and deterrence, necessarily outweighed the other relevant factors.</u> The evidence presented a close case on the diversion question; however, the failure by the prosecutor to consider

---

[5] We disagree with the dissent's assertion that the <u>Curry</u> decision changed existing law by stating that the district attorney general's failure to consider all of the relevant factors is an abuse of discretion. In <u>Hammersley</u>, for example, this Court made it clear that consideration of all of the relevant factors, including a defendant's amenability for correction, was necessary "in order for the prosecutors to properly exercise the discretion vested in them by the pretrial diversion statute . . . ." 650 S.W.2d at 353. Accordingly, a district attorney general's failure to "properly exercise" discretion is tantamount to an abuse of that discretion.

and articulate all of the relevant factors constitutes an abuse of discretion."

Id. at 159 (Emphasis added). Having found that the district attorney general abused his discretion, this Court reinstated the judgment of the trial court, which had granted diversion. Id. at 160.

Accordingly, we now reiterate the well-established rule that the district attorney general, when denying pretrial diversion, must consider all relevant factors, including evidence favorable to the defendant, must weigh each factor, and must explain in writing how the decision to deny pretrial diversion was determined. We therefore agree with the lower court that the district attorney general abused his discretion by failing to satisfy these requirements in this case.

In reaching this conclusion, we disagree with the dissenting view that a district attorney general's failure to consider all of the relevant factors, including any evidence favorable to a defendant, is of no consequence as long as the reasons stated for denying diversion are supported by the record. Such a holding would be contrary to our long-established cases that require a district attorney general to focus upon a defendant's amenability to correction. State v. Pinkham, 955 S.W.2d at 959; State v. Hammersley, 650 S.W.2d at 355. Moreover, it is the consideration of all of the relevant factors that ensures that the district attorney general properly exercises his or her discretion and identifies suitable candidates for pretrial diversion. State v. Curry, 988 S.W.2d at 158. Thus, failing to do so constitutes an abuse of discretion. Id. at 159; see also State v. Hammersley, 650 S.W.2d at 353.

We must now determine whether the lower court properly found substantial evidence to support a denial of pretrial diversion despite the district attorney general's abuse of discretion. The reasoning of the majority of the Court of Criminal Appeals was twofold. First, the court concluded that the trial court has the discretion to grant or deny pretrial diversion because Tenn. Code Ann. § 40-15-105(b)(3) states that the court "may" grant diversion if it finds that the district attorney general has abused his or her discretion. Second, the court believed that any other conclusion would result in serious offenders receiving pretrial diversion when it was not warranted. We disagree.

It is critical to emphasize that the discretion to grant or deny pretrial diversion rests with the district attorney general, not the trial court. The trial court, in exercising its rather limited review pursuant to a petition for a writ of certiorari, may not re-weigh the evidence or substitute its view for that of the district attorney general. See, e.g., Ben H. Cantrell, Review of Administrative Decisions by Writ of Certiorari in Tennessee, 4 Mem. St. L. Rev. 19, 20 (1973). Instead, the trial court must only determine whether the district attorney general has abused his or her discretion by failing to consider and weigh all of the relevant factors or by reaching a decision that is not supported by substantial evidence. State v. Curry, 988 S.W.2d at 158; see also State v. Hammersley, 650 S.W.2d at 355. Indeed, a court cannot reasonably conclude that there is substantial evidence to support the district attorney general's decision if in fact the district attorney general has not first considered all of the relevant factors and their relative weight.

Moreover, in our view, the district attorney general's failure to consider all of the relevant factors, including evidence favorable to the defendant, cannot be cured by the trial court's review. Because the trial court does not have appropriate findings made by the district attorney general upon which to review, allowing it to "fill in the gaps" would extend de novo review over the district attorney general's decision and would allow the trial court to substitute its view over the pretrial diversion decision-making process. For these reasons, the Court of Criminal Appeals' statutory interpretation of the word "may" in Tenn. Code Ann. § 40-15-105(b)(3) would lead to an illogical result that is contrary to the pretrial diversion process and the nature of certiorari review. Thus, if a district attorney general has abused his or her discretion by denying pretrial diversion without considering and weighing substantial evidence favorable to a defendant, it follows that the decision must be reversed and the case remanded to the district attorney general for further consideration of all of the relevant factors in a manner consistent with this Court's decisions.[6]

The majority of the Court of Criminal Appeals' concern that defendants may receive pretrial diversion where it is unwarranted and undeserved is misplaced. Only that narrow class of defendants who meet the stringent statutory requirements are eligible for pretrial diversion. That alone substantially restricts the pool of defendants and offenses. Moreover, each defendant bears the burden of establishing that pretrial diversion is appropriate and in the interest of justice; thus, it is the defendant who must produce substantial favorable evidence for the district attorney general's consideration.[7] Finally, we emphasize once again that it is only through the district attorney general's consideration of all relevant factors that the pretrial diversion process is effective:

> The facts and circumstances of nearly all criminal offenses are by definition serious; only be analyzing all of the relevant factors, including those favorable to the defendant, can appropriate candidates for this legislative largess be identified in a manner consistent with the purpose of the pretrial diversion act.

State v. Curry, 988 S.W.2d at 158; see also State v. Pinkham, 955 S.W.2d at 959 (finding of no abuse of discretion where the district attorney general discussed the factors relevant to the defendant's amenability to correction and also discussed the weight accorded each factor).

## CONCLUSION

---

[6] In Curry, this Court rejected a proposed remedy that would allow the district attorney general to testify as to the reasons for denying diversion before the trial court, but did not address the remedy of remanding for additional consideration of all of the relevant factors by the district attorney general. 988 S.W.2d at 160. We now clarify Curry to that extent.

[7] It also bears repeating that a defendant who receives pretrial diversion will be subject to numerous conditions and restrictions and is subject to renewed prosecution upon a violation of these conditions and restrictions.

After a thorough review of the record and relevant authority, we hold that when the district attorney general denies pretrial diversion without considering and weighing all of the relevant factors, including substantial evidence favorable to the defendant, there is an abuse of prosecutorial discretion. We further hold that in such a case, the proper remedy under the applicable standards of review requires a remand for the district attorney general to consider and weigh all of the relevant factors to the pretrial diversion determination. The judgment of the Court of Criminal Appeals is reversed, and this case is remanded for the district attorney general's further consideration of the defendant's pretrial diversion application in a manner consistent with this opinion.

The costs of this appeal are taxed to the State of Tennessee.

 

_____
E. RILEY ANDERSON, JUSTICE