IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 1, 2002

## STATE OF TENNESSEE v. THERESA HALLSFORD

**Appeal from the Circuit Court for Maury County**
**No. 11932     Jim T. Hamilton, Judge**

---

**No. M2002-00959-CCA-R3-CD - Filed December 20, 2002**

---

The State appeals from the order of the Maury County Circuit Court reversing the district attorney
general's decision to deny the Defendant pretrial diversion for the charge of arson. We reverse the
judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Reversed; Remanded**

DAVID H. WELLES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and
ALAN E. GLENN, JJ., joined.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General;
Mike Bottoms, District Attorney General, for the Appellant, State of Tennessee.

J. Russell Parkes, Columbia, Tennessee, for the appellee, Theresa Hallsford.

## OPINION

The Defendant, Theresa Hallsford,[1] was indicted on one count of arson, a class C felony. She
filed an application for pretrial diversion, which was denied by the State. She then filed a petition
for writ of certiorari, appealing the denial of pretrial diversion. The trial court entered an order
finding that the district attorney general abused his discretion in denying the Defendant's request for
pretrial diversion and ordered that a memorandum of understanding be entered for a two-year period.
It is from this order that the State appeals as of right.

---

[1]Both parties refer to the Defendant as "Theresa Holtsford" in their briefs. However, it is the policy of this
Court to refer to a defendant by the name listed in the charging instrument, which, in this case, is Theresa Hallsford.

In her application for pretrial diversion, the Defendant does not mention the facts of the alleged offense or discuss her involvement therein. The facts we glean from the record reveal that a fire broke out shortly after midnight on September 3, 2000 at 904 Hillcrest Avenue in Columbia. Firefighters extinguished this fire, and the electrical power to the house was turned off. However, a second fire started at approximately 10:00 a.m. on the same day. Shortly before the second fire, a neighbor noticed that the Defendant's mother's car was parked further from the house than usual.[2] An investigation of the cause of the fire revealed the presence of an accelerant generally described as a "medium petroleum distillate." The fire caused approximately $70,000 in damage. The Defendant carried renter's insurance in the amount of $50,000 on the contents of the premises. The Defendant was charged with knowingly damaging a structure by fire with the intent to damage or destroy the structure for the purpose of collecting insurance for the damage or destruction in violation of Tennessee Code Annotated section 39-14-301(a)(2).

The pretrial diversion statute allows a district attorney general to suspend the prosecution of an eligible defendant for a period not to exceed two years. See Tenn. Code Ann. § 40-15-105(a)(1)(A). In order to qualify for pretrial diversion, the defendant must not have previously been granted diversion; must not have a prior misdemeanor conviction for which a sentence of confinement was served or a prior felony conviction within a five-year period after completing the sentence or probationary period for such conviction; and must not be charged with a class A felony, a class B felony, certain class C felonies (not including arson), a sexual offense, driving under the influence, or vehicular assault. Id. § 40-15-105(a)(1)(B)(i)(a)-(c).

There is no presumption that a person eligible for pretrial diversion is entitled to diversion. See State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999). The "defendant bears the burden of establishing that pretrial diversion is appropriate and in the interest of justice;" therefore, it is the responsibility of the defendant to provide "substantial favorable evidence for the district attorney general's consideration." State v. Bell, 69 S.W.3d 171, 179 (Tenn. 2002).

The decision to grant or deny an application for pretrial diversion rests within the discretion of the district attorney general. See Tenn. Code Ann. § 40-15-105(b)(3). "When deciding whether to enter into a memorandum of understanding under the pretrial diversion statute[,] a prosecutor should focus on the defendant's amenability to correction. Any factors which tend to accurately reflect whether a particular defendant will or will not become a repeat offender should be considered." State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983).

> Among the factors to be considered in addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant.

---

[2]The Defendant's mother was in Florida at the time of the fire.

Id. If pretrial diversion is denied, the denial must be written, must list the evidence considered, discuss which factors were considered, and discuss the weight accorded to each factor. State v. Pinkham, 955 S.W.2d 956, 960 (Tenn. 1997). "This requirement entails more than an abstract statement in the record that the district attorney general has considered these factors." Curry, 988 S.W.2d at 157 (citations omitted).

If an application for pretrial diversion is denied, the defendant may appeal to the trial court for a writ of certiorari. See Tenn. Code Ann. § 40-15-105(b)(3). On review, the trial court is constrained to consider only the evidence considered by the district attorney general and must determine whether the district attorney general has abused his or her discretion. See Bell, 69 S.W.3d at 177. An abuse of discretion may only be found where the prosecutor fails to consider all the relevant factors and their weight or reaches a decision not supported by substantial evidence. See id. On review, the decision made by the district attorney general is presumed to be correct. Curry, 988 S.W.2d at 158. Therefore, in a close case where the prosecutor could have legitimately granted or denied the application, the trial court must defer to the judgment of the prosecutor. See State v. Carr, 861 S.W.2d 850, 856 (Tenn. Crim. App. 1993). For purposes of our review, this Court is "bound by the factual findings made by the trial court unless the evidence preponderates against them." Bell at 177.

"However, if the evidence of record is undisputed and calls for no finding of fact to resolve the issue, a trial court's determinations constitute conclusions of law to which an appellate court is not bound." Carr, 861 S.W.2d at 856 (citations omitted). Therefore, when the facts are undisputed, the underlying issue that this Court must determine on appeal remains whether, as a matter of law, the district attorney general abused his or her discretion in denying pretrial diversion. Id.; State v. Terry A. Rogier, No. W2001-00551-CCA-R9-CD, 2001 Tenn. Crim. App. LEXIS 783, at *9 (Jackson, Sept. 19, 2001); State v. Brooks, 943 S.W.2d 411, 413 (Tenn. Crim. App. 1997).

In the written response denying pretrial diversion, the district attorney general states:

> the State is concerned with the magnitude of the damage to the home, as well as the very real potential for damage to surrounding homes in the neighborhood. In addition, the State is also concerned with the danger posed by this fire to neighbors and to fire department personnel responding to the scene.

The prosecutor cites the damage to the home, which was estimated at $70,000, and the potential damage to other homes in the community, neighbors, and firefighters in support of the need to deter similar activity:

> The State contends that arson, by its very nature, is a crime with real potential not only for property damage, but physical damage as well . . . . Clearly, such activity must be deterred and society protected from this magnitude of damage . . . as well as protecting society from potential physical harm as well.

The prosecutor noted in the response that the Defendant, a thirty-six year old mother of two, has no prior criminal history and possesses a good family and social history. The document also mentions the sixteen letters of recommendation that accompanied the Defendant's request for pretrial diversion as some evidence that the Defendant is amenable to correction.

In its order regarding the Defendant's petition for writ of certiorari, the trial court stated that the district attorney general's denial of pretrial diversion appears to be "based on the nature of the offense and the need for deterrence." The trial court explained its finding as follows:

> the prosecutor failed to adequately consider evidence favorable to the Defendant such as her complete absence of any criminal record, work history, substantial family ties as well as the numerous letters of recommendation and rather impressive Diversion Application including the Defendant[']s social history and contributions she has made to her family including driving her legally blind child to and from Nashville on a daily basis.

We note that if the district attorney general has denied diversion and failed to consider evidence favorable to a defendant, the decision should be reversed and the matter remanded to the district attorney general for further consideration. See Bell, 69 S.W.3d at 179. However, in determining whether a defendant is entitled to pretrial diversion, the trial judge "may not re-weigh the evidence or substitute its view for that of the district attorney general." Id. at 171. "It is critical to emphasize that the discretion to grant or deny pretrial diversion rests with the district attorney general, not the trial court." Id.[3]

The Tennessee Supreme Court stated in Curry that "the circumstances of the offense and the need for deterrence may alone justify a denial of diversion, but only if all of the relevant factors have been considered as well." 988 S.W.2d at 158. The prosecutor's letter described the dangerous circumstances of the offense — the risk of damage to nearby residences and the risk of harm to neighbors and firefighters. The prosecutor also cited in the letter the extensive damage caused by the fire and the need for deterrence.

In this case, there were no factual disputes to be resolved by the trial court. The issue is primarily whether, as a matter of law, the prosecutor abused his discretion by denying the Defendant pretrial diversion. See Carr, 861 S.W.2d at 856. We conclude that the district attorney general did not abuse his discretion by denying the Defendant's application for pretrial diversion. While he considered relevant factors in favor of diversion, such as the Defendant's lack of a prior criminal history and her good family and social history, he concluded that they were outweighed by the extent

---

[3]Obviously, if the trial judge disagrees with the district attorney general's decision to deny pretrial diversion, the trial judge could grant judicial diversion under Tennessee Code Annotated section 40-35-313 after a guilty plea or a finding of guilt. Judicial diversion, if successful, has a similar effect as pretrial diversion, resulting in a dismissal of the charges. Id.

of the damage of the fire and the risk of harm to other persons and property. Such a decision was within his discretion.

The judgment of the trial court ordering the District Attorney General to grant the Defendant pretrial diversion is reversed. This case is remanded to the trial court for further proceedings.

_____
DAVID H. WELLES, JUDGE