# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
January 15, 2003 Session

## STATE OF TENNESSEE v. WALLACE JONES

**Direct Appeal from the Criminal Court for Wilson County**
**Nos. 00-1403 - 00-1406     J. O. Bond, Judge**

---

**No. M2002-00738-CCA-R9-CO - Filed March 26, 2003**

---

In a four-count indictment, Defendant, Wallace Jones, was charged with statutory rape, sexual battery, contributing to the delinquency of a minor, and exhibition of material harmful to a minor. He applied for pre-trial diversion, which the district attorney general declined to grant. Defendant filed a petition for writ of certiorari, and following a hearing, the trial court entered an order denying Defendant's request to be placed on pre-trial diversion. Defendant filed a motion for an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure, which was granted by the trial court and this court. On appeal, the State concedes that the district attorney abused his discretion and that the judgment of the trial court should be reversed and this case remanded to the district attorney general to properly consider all facts pursuant to *State v. Bell*, 69 S.W.3d 171 (Tenn. 2002). We agree. Accordingly, the judgment of the trial court is reversed and this case is remanded to the district attorney general to consider and weigh all relevant factors to the pre-trial diversion determination. Furthermore, we conclude that the trial judge should be recused from further proceedings in this matter.

## Tenn. R. App. P. 9 Interlocutory Appeal;
## Judgment of the Criminal Court Reversed and Remanded

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Eddie Taylor, Hartsville, Tennessee, for the appellant, Wallace Jones.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and Robert N. Hibbett, Assistant District Attorney General, for the appellee, State of Tennessee.

1

**OPINION**

The entire response of the district attorney general in denying Defendant's application for pre-trial diversion is as follows:

The District Attorney General Fifteenth Judicial District, by and through the undersigned Assistant District Attorney, hereby denies the Defendant's application for pretrial diversion. In support of said denial, the State responds as follows:

A.

Evidence that the State would prove to the Court

The Defendant would get the 13 or 14-year-old victim alone and fondle his penis or perform oral sex on the victim. He also let the victim view and gave him homosexual child pornography. The Defendant was born in 1944.

B.

Reasons for Denial

1. The victim was particularly vulnerable because of his age.
2. The offense was committed to gratify the defendant's desire for pleasure.
3. The defendant abused a position of private trust.
4. The victims are opposed to pre-trial diversion.
5. Granting pre-trial diversion cannot deter this particular crime.

The above-enumerated factors certainly demand that this case be brought to trial.

C.

Identification of Disputed Facts

The Defendant has entered a plea of not guilty.

Having responded as required by law, the State respectfully denies the Defendant's application.

Respectfully submitted,
/s/ ROBERT N. HIBBETT
ASSISTANT DISTRICT ATTORNEY

After hearing arguments of counsel at the hearing on the petition for writ of certiorari, the following colloquy occurred between the court, the defense counsel, and the prosecutor.

THE COURT: Well, you know, these are real good - - I guess that they're listed on a list of things that may be acceptable for pretrial, but anybody's name, this state requires that anybody who is guilty of these things be put on a

2

sex registered list.  And I don't see how I can bypass that list anyway, *and he says in here he didn't do this, so that's another reason to deny it and make a trial out of it.*  But, this crime here requires that he be put on a  sex register where the citizens will know that *they have a pervert living amongst them, if he's guilty. If he's found guilty he's a pervert.*  And they ought to put a big sign up in this yard if he's guilty, where the children will know better than to come by there.  It's just that simple.  And you can't cure this, we all know that.  If he is guilty there's no way we can send him and hope he'd get better and cure himself, because there is no cure for being a pervert.  *Pervert is a pervert.  Will always be a pervert.*

[DEFENSE COUNSEL]: Well, Judge, that's if you prejudge that he's guilty.

THE COURT: *That's what I say, if he's guilty.  That's the big if.* Now, under this he says he's not guilty of anything.

[DEFENSE COUNSEL]: That's right.  He's not.

THE COURT: But what does the new statute say about that?

[DEFENSE COUNSEL]: Judge, I don't find anything in any statute that would be- -

THE COURT: Read that, Mr. Hibbett.  What does it say?

[PROSECUTOR]: It says he has to put a statement in the memorandum of understanding talking about his culpability in the crime.  It cannot be used against him at trial unless certain conditions are right.

[DEFENSE COUNSEL]: If he is culpable.  Well, Judge, let me say this to you–

THE COURT: *There's no need arguing.  I'm going to deny it.  Very seldom am I going to put somebody who may be a pervert back on the street among children.*  I think the law is against that and I hope it stays against it.

(Emphasis added).

3

It is very clear from the sparse response of the prosecutor in denying pre-trial diversion that the district attorney general did not consider and/or weigh any evidence favorable to Defendant. The application for pre-trial diversion reflects that Defendant was born June 26, 1944, and graduated from Springfield High School in 1963. He has never been married and has no children. He was honorably discharged from the United States Army Reserve and was steadily employed from 1963 until 1997. Thirty years of that employment was with one department store, and the employment was terminated when the store closed. The next year, in 1998, he was employed at Wal-Mart and was employed there at the time he filled out the pre-trial application. He had resided at his current residence since 1975. He has no prior criminal convictions and only one charge for "reckless driving for not using a turn signal," which, the appellate record reflects, was expunged. There is no indication that it was expunged for any reason other than dismissal. He listed the names and addresses of five people, not related to him, who had known him for more than ten years. The information in the application indicated that he was not under the influence of narcotics, dangerous drugs, or alcohol that contributed to the offenses for which he was charged. He had never received counseling for alcohol or drug abuse.

On appeal, the State agrees that the prosecutor at the trial court level did not fully consider all relevant factors in writing, including evidence favorable to Defendant, in his conclusion that Defendant should be denied pre-trial diversion. Defendant, while obviously agreeing that the prosecutor abused his discretion, requests this court to reverse the trial court and place Defendant on pre-trial diversion. We cannot do so.

Twenty years ago, in *State v. Hammersley*, 650 S.W.2d 352 (Tenn. 1983), the Supreme Court of Tennessee set forth the factors to be considered by the district attorney general when considering a request by a defendant for pre-trial diversion. A prosecutor's focus should be on the defendant's amenability to correction. A prosecutor should consider the following factors: (1) any factor which tends to accurately reflect whether or not a defendant will become a repeat offender; (2) the circumstances of the offense; (3) the criminal record of defendant; (4) the social history of the defendant; (5) the mental and physical condition of the defendant where appropriate; (6) the likelihood that pre-trial diversion will serve the ends of justice and the best interests of the public and the defendant. *Id*.

If the prosecutor denies pre-trial diversion, a defendant may appeal to the trial court for a writ of certiorari. Tenn. Code Ann. § 40-15-105(b)(3) (1997 and Supp. 2002). In *Bell*, the supreme court reiterated that on certiorari review, "the trial court must consider only the evidence considered by the district attorney general and must determine whether the district attorney general has abused his or her discretion. To determine whether there has been an abuse of discretion, the trial court must determine whether the district attorney general has considered all of the relevant factors and whether substantial evidence existed to support the denial of diversion." *Bell*, 69 S.W.3d at 177 (citation omitted).

In carrying out his or her mandated duty to exercise discretion by focusing upon the defendant's amenability for correction, all relevant factors must be considered, including evidence

that is favorable to a defendant. *Id.* at 178. In this case, the prosecutor denied Defendant's request for pre-trial diversion and did not consider and weigh all relevant factors, including evidence favorable to Defendant. Therefore, there was an abuse of prosecutorial discretion. As the supreme court held in *Bell,* in that situation, "the proper remedy under the applicable standards of review requires a remand for the district attorney general to consider and weigh all of the relevant factors to the pre-trial diversion determination." *Id.* at 173.

Accordingly, the judgment of the trial court must be reversed, with this case remanded to the district attorney general to consider and weigh all relevant factors to the pre-trial diversion determination, in a manner consistent with the supreme court's opinion in *State v. Bell*, 69 S.W.3d 171 (Tenn. 2002).

Since this matter is being remanded, we also take the opportunity to address some other matters that arose during the proceeding. Initially, we note that both the prosecutor and the trial court weighed against the propriety of pre-trial diversion in this case, the fact that Defendant had failed to "agree that he was culpable." First, we assume that the prosecutor and the trial court were referring to language in Tennessee Code Annotated section 40-15-105(a)(3) (Supp. 2002) that states, "The memorandum of understanding shall also include a statement of the defendant's version of the facts of the alleged offenses." According to his application for diversion, the defendant responded to the section requiring his recitation of the facts of the offense and wrote that the incident did not happen and that the charges made by the victim never occurred. He denied culpability. This response complies with the requirement that a person give a statement of his or her version of the facts of the alleged offenses. There is no requirement that a defendant admit his or her guilt, although in certain factual situations, this stance by a defendant may be considered in determining the defendant's "amenability to correction." Because of the sparse record in the case, we are unable to conclude whether or not it is reasonable for the prosecutor to conclude that Defendant is not amenable to correction due to his denial of culpability.

Additionally, we note that the trial court justified, in part, its refusal to order pre-trial diversion on the fact that, if guilty, Defendant is a "pervert" and "should not be entitled to be placed back on the street around children." Also, the trial judge, in reference to Defendant, said "[v]ery seldom am I going to put somebody who *may* be a pervert back on the street among children." (Emphasis added). A defendant's guilt of the offense charged is not a ground for denying pre-trial diversion. In fact, the supreme court in *Bell* made it clear that the focus of the prosecutor in determining whether or not to grant pre-trial diversion shall be upon defendant's "amenability to correction." 69 S.W.3d at 178. Therefore, it is logical that those who are guilty of the offense charged, if it is a qualified offense for pre-trial diversion, cannot be denied pre-trial diversion because they are "guilty." Furthermore, the legislature has not excluded the crimes charged in this case from eligibility for consideration of pre-trial diversion. *See* Tenn. Code Ann. § 40-15-105 (1997). The trial court's comments indicate that he disagrees with the legislature's approval of granting pre-trial diversion to people charged with some or all of the offenses here. To deny pre-trial diversion based upon the specific criminal offense charged, when the legislature has mandated otherwise, is an abuse of discretion. *State v. Markham*, 755 S.W.2d 850, 853 (Tenn. Crim. App.

5

1988) ("Denial of diversion based only on the essential elements of a crime, without judicially weighing all relevant factors, effectively excludes persons charged with that crime from consideration for pretrial diversion. Only the legislature has that prerogative.").

Finally, we hold that pursuant to the mandates of *Alley v. State*, 882 S.W.2d 810 (Tenn. Crim. App. 1994), the trial judge in this case should be recused from presiding over any further proceedings in this matter, and that upon remand, the case shall be transferred to another judge for further proceedings consistent with this opinion. We do not take our conclusion that recusal is necessary lightly, and we do not base this upon a subjective consideration of the trial court's impartiality or any bias. However, the determination of whether or not recusal is appropriate must be based upon an objective standard also. *Alley v. State*, 882 S.W.2d at 820-21.

A trial judge should be recused from hearing a matter "whenever his or her impartiality might reasonably be questioned." *Id.* (citing Code of Judicial Conduct Canon 3(c), 10 Sup. Ct. R. 10.) Our court in *Alley* further noted that:

> While the words "bias" and "prejudice" are central to the determination of whether a recusal should be granted, neither term is defined in Tennessee case law as it relates to the issue of recusal. Generally, the terms refer to a state of mind or attitude that works to predispose a judge for or against a party.

*Id.* at 821 (citing 46 Am. Jur. 2d. "Judges" § 167 (1969)).

Finally, relying upon our supreme court's decision in *Leighton v. Henderson*, 220 Tenn. 91, 414 S.W.2d 419 (1967), our court in *Alley* noted that when a trial judge's comments are indicative that the court has prejudged factual issues, recusal has been required. In *Leighton*, the supreme court said, "[i]n the trial of any lawsuit, the judge must be careful not to give an expression to any thought, or to infer what his opinion would be in favor or against either of the parties in the trial." *Leighton*, 414 S.W.2d at 420.

From a purely objective standpoint, the trial court's comments indicate that recusal is required. The trial judge, in denying the petition for writ of certiorari, stated that there was "no need" to argue, and the petition would be denied. In the next sentence, he stated that he would very seldom put someone who "may be a pervert back on the street among children." Although couched in terms of "if he is guilty," considered objectively, the trial court made it explicitly clear that he considered the defendant to be a pervert and was therefore not entitled to pre-trial diversion. As discussed above, whether the trial court or this court considers a person to be a "pervert" is irrelevant to the issue in this appeal since the legislature has determined what classifications of crimes are entitled to be considered for pre-trial diversion. The fact that a defendant may be guilty of the crime for which he or she is charged is not a disqualification for pre-trial diversion in cases approved by the legislature for consideration of this favorable disposition. Considering the complete context of the comments made by the trial court, this court must respectfully conclude that recusal from further proceedings in this matter is required.

6

## CONCLUSION

For the forgoing reasons, the judgment of the trial court is reversed, and this case is remanded to the district attorney general to consider and weigh all of the relevant factors to the pre-trial diversion determination of Defendant in a manner consistent with the supreme court's opinion in *State v. Bell*, 69 S.W.3d 171 (Tenn. 2002). Furthermore, the trial judge is recused from further proceedings in this matter.

_____
THOMAS T. WOODALL, JUDGE