IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
April 5, 2005 Session

**STATE OF TENNESSEE v. HAROLD L. CASSELL**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2004-A-292     J. Randall Wyatt, Judge**

_____

**No. M2004-01784-CCA-R3-CD - Filed August 5, 2005**

_____

DAVID H. WELLES, J., dissenting in part.

I respectfully dissent from the majority's opinion insofar as it places the defendant on judicial diversion. As set forth in the majority opinion, a trial court is obliged to consider a multitude of factors in determining whether to grant a request for judicial diversion. See State v. Cutshaw, 967 S.W.2d 332, 343-44 (Tenn. Crim. App. 1997); State v. Bonestel, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000). A trial court is further required to state on the record the weighing process it uses in balancing all of the factors and the calculus relied upon in reaching the ultimate conclusion. See State v. Electroplating, Inc., 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998). When the trial court follows this procedure and provides a comprehensive record of its decision-making process, then this Court should affirm the trial court's ruling so long as there is any substantial evidence to support it. See Cutshaw, 967 S.W.2d at 344. However, it is only when the trial court satisfies its obligations in reviewing a request for judicial diversion that this Court is given the opportunity for meaningful appellate review.

In this case, the trial court did not analyze on the record each of the factors it was required to consider in evaluating the Defendant's request for judicial diversion. Rather, the trial court acknowledged the Defendant's remorseful attitude about the offense and then focused solely on the circumstances of the offense and the concern that a grant of diversion would depreciate the seriousness of the crime. The trial court's analysis fell short of the comprehensive review required. Where, as here, the trial court does not adequately review on the record all of the factors it is required to consider, the weight appropriate to each factor, and the result of the overall balancing process, the approach this Court should take is to remand the matter to the trial court for the comprehensive review required on an application for judicial diversion. See, e.g., State v. Lewis, 978 S.W.2d 558, 567 (Tenn. Crim. App. 1997); Cutshaw, 967 S.W.2d at 344. To do otherwise is to place this Court in the position of analyzing a defendant's suitability for judicial diversion on the basis of a cold record, without adequate findings of fact, and without any way of determining the defendant's credibility, a touchstone issue for assessing the defendant's amenability to correction.

As recognized by the majority, this Court has frequently looked to the process utilized in pretrial diversion cases when analyzing challenges to a trial court's grant or denial of judicial diversion. I am, therefore, persuaded that this Court should adopt the same scope of review and the same remedy mandated by our supreme court for a trial court's review of a district attorney's decision upon an application for pretrial diversion. In State v. Bell, 69 S.W.3d 171 (Tenn. 2002), our supreme court considered the trial court's role in reviewing a district attorney's decision to deny the defendant's application for pretrial diversion, and specified that role as follows:

the trial court must only determine whether the district attorney general has abused his or her discretion by failing to consider and weigh all of the relevant factors or by reaching a decision that is not supported by substantial evidence. Indeed, a court cannot reasonably conclude that there is substantial evidence to support the district attorney general's decision if in fact the district attorney general has not first considered all of the relevant factors and their relative weight.

Moreover, in our view, the district attorney general's failure to consider all of the relevant factors, including evidence favorable to the defendant, cannot be cured by the trial court's review. Because the trial court does not have appropriate findings made by the district attorney general upon which to review, allowing it to "fill in the gaps" would extend de novo review over the district attorney general's decision and would allow the trial court to substitute its view over the pretrial diversion decision-making process. . . . Thus, if a district attorney general has abused his or her discretion by denying pretrial diversion without considering and weighing substantial evidence favorable to a defendant, it follows that the decision must be reversed and the case remanded to the district attorney general for further consideration of all the relevant factors in a manner consistent with this Court's decisions.

69 S.W.3d at 179 (citations and footnote omitted). Similarly, a trial court's failure to consider all of the factors relevant to the grant or denial of judicial diversion cannot be cured by this Court's review. This Court should not "fill in the gaps" and substitute its view for that of the trial court.

As pointed out by the majority, whether a defendant should be granted judicial diversion is a question which addresses itself to the sound discretion of the trial court. See Bonestel, 871 S.W.2d at 168. By granting the Defendant in this case judicial diversion without a remand to the trial court for appropriate findings, this Court is simply substituting its discretion for that of the trial court. See State v. Donald J. Moore, No. M2000-02621-CCA-R3-CD, 2001 WL 881373, at *5 (Tenn. Crim. App., Nashville, Aug. 7, 2001) (Woodall, J., dissenting). I respectfully disagree with that result.

In sum, I agree with the majority that the decision of the trial judge should be reversed, but I would remand the matter to the trial court for a review and consideration on the record of all the factors required to be considered before a grant or denial of judicial diversion is made.

_____

DAVID H. WELLES, JUDGE