IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
October 4, 2005 Session

## STATE OF TENNESSEE v. LUCILLE RICHARDSON

**Appeal from the Criminal Court for Shelby County**
**No. 04-03079     Joseph P. Dailey, Judge**

_____

**No. W2004-01585-CCA-R3-CD  - Filed November 10, 2005**

_____

The appellant, Lucille Richardson, with the trial court's permission, filed an interlocutory appeal, and, pursuant to the appellant's Rule 9 application, this Court agreed to review the appellant's appeal challenging the trial court's denial of pretrial diversion. After reviewing the record as a whole, we conclude that the trial court erred in denying pretrial diversion. Thus, the judgment of the trial court is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Reversed and Remanded**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL, and ALAN E. GLENN, JJ., joined.

Walter Bailey, Jr., Memphis, Tennessee, for the appellant, Lucille Richardson.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; and William L. Gibbons, District Attorney General; and Amy Weirich, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In March of 2004, the appellant, a Shelby County special education teacher, was indicted by the Shelby County Grand Jury on one count of assault and one count of child abuse arising from an incident between the appellant and a student. The appellant sought pretrial diversion.

The district attorney supported the grant of pretrial diversion. The appellant holds a master's degree in special education and has no prior criminal record. According to the district attorney's statement of facts in support of pretrial diversion, the victim, an autistic child, was discovered sitting

at his desk bleeding from the head. The appellant offered no explanation at the time of the incident, but the victim's mother was told that the appellant had hit the victim on the head with her shoe.

In the appellant's application for pretrial diversion, she explains that the victim became upset when he was not given the sports section of the newspaper. The victim began having a "severe behavior episode." The appellant attempted to calm the victim down, but the victim began grabbing the appellant and assaulting her, even biting her on the hand. The appellant concluded her statement by admitting that she "hit and pushed the student to get loose" and that "the student's head was injured at the end of the ordeal."

The trial court held a hearing on the matter of pretrial diversion and ultimately entered an order denying pretrial diversion. The trial court determined that the district attorney acted "arbitrarily and capriciously in entering into this diversion agreement without requiring some statement of admission and remorse on the part of the defendant, given the shocking nature of the facts of this case." At the hearing, the trial court explained the reasoning behind the denial of the request for pretrial diversion as follows:

> [M]y concern has been, and continues to be, the shocking nature of this offense and the fact that the defendant hasn't really shown any remorse because she hasn't, at any point, that I'm aware of, admitted that she committed this offense.
>
> She sort of talked around it and talks about stepping out of the room and coming back and, lo-and-behold, something has happened to this child; but never has she stated that she concedes that she did this; and it was a terrible mistake and a terrible thing, and she's sorry, and she wants to put it behind her and move on. No statement of that sort appears anywhere in the record. Notwithstanding the fact that you made a statement a week or two ago that you thought, on your client's behalf, that she has admitted guilt in this case and is sorry, nothing that's been presented to me would bear that out.
>
> And I still have to ask the question: Does society have any interest at all in ensuring that a victim in a case like this emerges from the whole process in at least as good of a situation as the defendant does.
>
> And we have to keep in mind that the request here is for the extraordinary relief of diversion where your client would then be allowed to complete the period of diversion and erase any record, whatsoever, of this offense ever having occurred.
>
> . . . .
>
> But in a situation where she has come to the court - first to the attorney general and now it's before me - asking for this extraordinary relief, I do think that there is some need to have some acknowledgment of the guilt of the offense charged

in the whole process for the system to work properly and for the victim, in a case like this, to have any measure of satisfaction out of the system and the process.

I think there is a legitimate interest by society in how this whole process affects the victim, in addition to your client.

. . . .

So that, so, there is a continuing interest in not only what's best for the defendant but what's best for justice and the public and society in my opinion.

. . . .

Again, while I acknowledge the fact that your client has willingly participated in counseling sessions and has no prior record; and, other than this incident, has a good employment record; it's still my opinion that because of the nature of this offense - the circumstances of this offense - the circumstances of the victim - an autistic child who, as the facts allege, was beaten by his teacher - that if she is to receive the extraordinary relief of diversion in this case, then I do not think that it's unreasonable to expect her to make some statement admitting guilt and expressing remorse for her conduct - not just for the fact that the victim got a bloodied head but for her participation - her conduct - her action that resulted in that.

And therefore, in my opinion, it is, to track the language of the statute for purposes of this ruling - in my opinion, the prosecutor in this case did act arbitrarily and capriciously in entering into this diversion agreement without requiring some statement of admission and remorse on the part of the defendant given the shocking nature of the facts of this case; and, therefore, in my role in this whole process, I'm rejecting the application for diversion.

Subsequently, the appellant filed a motion to certify an appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. The appellant sought review of the trial court's denial of pretrial diversion. The trial court granted the motion on March 21, 2005, and this Court granted the appellant's Rule 9 application on May 5, 2005.

## Analysis

On appeal, the appellant argues that the trial court erred in denying pretrial diversion because "once a preliminary determination of eligibility for diversion has been made, the only conditions are those imposed by the statute, and since an expression of remorsefulness is not set forth as one of the few conditions of eligibility, the trial court cannot impose judicially such a condition and deny diversion predicated on an abuse of prosecutorial discretion." The State agrees.

To be eligible for pretrial diversion, a defendant must not have been previously granted diversion; must not have a prior misdemeanor conviction for which a sentence of confinement was served or a prior felony conviction within a five-year period after completing the sentence or probationary period for the conviction; and must not have been charged with a Class A felony, a Class B felony, certain Class C felonies, a sexual offense, driving under the influence, or vehicular assault. See Tenn. Code Ann. § 40-15-105(a)(1)(B)(i)(a)-(c). However, statutory qualification for pretrial diversion does not give rise to automatic entitlement. See State v. Bell, 69 S.W.3d 171, 176 (Tenn. 2002); State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999). Rather, the decision to grant or deny pretrial diversion rests within the sound discretion of the prosecuting attorney. Bell, 69 S.W.3d at 176. When making a determination of eligibility for pretrial diversion, the prosecutor should focus on the defendant's amenability to correction. Id. In other words, the prosecutor should focus on any factors which accurately reflect the likelihood that a particular defendant will or will not become a repeat offender. Id. Among the factors the prosecutor should consider when making this decision are: (1) the likelihood that pretrial diversion will serve the ends of justice, as well as, both the defendant's and the public's interest; (2) the circumstances of the offense; and (3) the defendant's criminal record, social history, and physical and mental condition where appropriate. See id. (citing State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983)).

Although it is the defendant's responsibility to demonstrate suitability for pretrial diversion, the prosecutor is not relieved from the obligation to examine and consider all relevant factors. Id. at 177. In fact, when denying pretrial diversion the prosecutor must discuss in writing all relevant factors considered and the weight attributed to each factor. Id.; Curry, 988 S.W.2d at 157. Moreover, the prosecutor's written denial statement must identify any factual discrepancies between the evidence relied upon by the prosecutor and the evidence presented by the defendant. Curry, 988 S.W.2d at 157. Failure to consider and articulate all of the relevant factors constitutes an abuse of discretion. See id.

Tennessee Code Annotated section 40-15-105(b)(2) directs a trial court to approve the memorandum of understanding recommending pretrial diversion unless: (1) the prosecution has acted arbitrarily or capriciously; (2) the memorandum of understanding was obtained by fraud; (3) diversion of the case is unlawful; or (4) the certificate from the Tennessee Bureau of Investigation as required by Tennessee Code Annotated section 40-15-106 is not attached to the memorandum.

The decision of the prosecutor to grant or deny pretrial diversion is presumptively correct and will not be set aside absent abuse of discretion. Curry, 988 S.W.2d at 158. When reviewing for abuse of discretion, the trial court must consider only the evidence considered by the prosecutor. Id. The trial court may not re-weigh the evidence or substitute its view for that of the prosecutor. State v. Yancey, 69 S.W.3d 553, 559 (Tenn. 2002).

In evaluating whether there has been an abuse of discretion, the trial court must determine whether the prosecutor has weighed and considered all of the relevant factors or whether the prosecutor reached a decision not supported by substantial evidence in the record. Bell, 69 S.W.3d at 179; see also Yancey, 69 S.W.3d at 559. The trial court may conduct a hearing, but only to

resolve any factual disputes raised by the prosecutor or the defendant.  <u>Curry</u>, 988 S.W.2d at 158.

In the case herein, the trial court denied pretrial diversion because the trial court determined that diversion was inappropriate when the appellant failed to express guilt or remorse for the actions leading up to the indictment.  After a review of the record, we conclude that the trial court incorrectly substituted its view of the evidence for that of the prosecutor.  The memorandum of understanding was not procured by fraud, the diversion was not unlawful, the memorandum complied with the statutory requirements, and the prosecutor did not act arbitrarily where the appellant's criminal and social history amply supported a grant of diversion.   Moreover, it appears that this was an isolated incident.  While we sympathize with the victim and his family, we note that there is no requirement that the appellant admit guilt or express remorse as a prerequisite for eligibility for diversion.  Accordingly, the judgment of the trial court is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

<u>Conclusion</u>

For the foregoing reasons, the judgment of the trial court is reversed.

_____
JERRY L. SMITH, JUDGE