IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
July 28, 2009 Session


**STATE OF TENNESSEE v. CODY MATTHEW HEADRICK**


**Appeal from the Criminal Court for Hamilton County**
**No. 260237     Rebecca J. Stern, Judge**

---

**No. E2008-02598-CCA-MR3-CD - Filed December 4, 2009**

---


D. KELLY THOMAS, JR., J., concurring in part and dissenting in part.


While I agree with the procedural analysis in the majority opinion, I respectfully disagree with the result. The facts of this case reveal a young Defendant who, while driving in excess of eighty miles per hour, lost control of his vehicle and struck another car, which was stopped at an intersection. The two passengers in the Defendant's car and all three occupants of the stopped car were injured. A passenger in the stopped car died at the scene, and one of the passengers in the Defendant's car was admitted to the Intensive Care Unit for several days.

The Defendant filed an application for pre-trial diversion pursuant to Tennessee Code Annotated section 40-15-101, et. seq. The Defendant's first application for pre-trial diversion did not contain the Defendant's employment history, a recitation of the facts, a list of references who had known the Defendant for the requisite number of years, or sufficient information addressing the Defendant's present circumstances. The prosecutor filed a detailed response in support of his denial of the requested pretrial diversion. The Defendant petitioned the trial court for a writ of certiorari seeking reversal of the prosecutor's denial. The trial court affirmed the denial of pretrial diversion. Not to be deterred, the Defendant filed an amended application for diversion. The amendment addressed some of the deficiencies of the original application and included three letters in support of the application. The prosecutor filed an amended denial which was again upheld by the trial court. The trial court in its second order found as follows:

> Were the death of a victim the sole basis of the prosecutor's decision, the denial would constitute an abuse of discretion, the prosecutor in effect treating the defendant's offense as one that disqualifies him from diversion. It is as clear from the second addendum to the letter of denial as from the original letter, however, that the death of the victim is not the sole basis for the decision.

The Court views the incompleteness of the application with respect to employment history as substantial evidence of a lack of amenability to correction. [The Court] also views a blame-shifting account of the accident, an account that is apparently inconsistent not only with all the evidence but with the defendant's claim of lack of memory, as substantial evidence of the same.

Three months later, the Defendant filed a second amendment to his initial application with an attachment containing employment records from Sears and medical records. The records from Sears revealed that the Defendant was involuntarily terminated from his employment. The prosecutor filed a response to the second amended application incorporating his two earlier responses. The prosecutor noted that the employment and medical records were available to the Defendant from the beginning of the application process, yet they were not a part of the initial application or the first amendment. The prosecutor argued that this oversight and failure to disclose was another example of the Defendant's carelessness and lack of amenability to correction. The trial court granted the Defendant's motion to reconsider and reversed the prosecutor's denial of diversion.

When reviewing the prosecutor's denial of diversion, "the trial court must focus on the prosecutor's methodology rather than the intrinsic correctness" of the decision. State v. McKim, 215 S.W.3d 781, 788 (Tenn. 2007). In determining whether the prosecutor has abused his or her discretion, the trial court "must consider only the evidence considered by the [prosecutor]." State v. Bell, 69 S.W.3d 171, 177 (Tenn. 2002). Using this evidence, the "trial court must determine whether the [prosecutor] has considered all of the relevant factors and whether substantial evidence existed to support the denial of diversion." Id. The trial court cannot re-weigh the evidence because "the discretion to grant or deny pretrial diversion rests with the [prosecutor], not the trial court." Id. at 179.

I conclude that the prosecutor meticulously considered each relevant factor in evaluating the Defendant's applications for diversion. Likewise, I conclude that evidence exists in the record to support the prosecutor's denial of diversion. For example, as found by the trial court, the incompleteness of the application and blame-shifting account of the accident are substantial evidence of a lack of amenability to correction. The fact that the circumstances of the offense, which include serious injury to four individuals in addition to the death of one, weigh heavily in the prosecutor's decision does not establish that the prosecutor abused his discretion. The trial court found the death of one victim to be the sole valid basis for the denial thereby discounting the prosecutor's reliance on lack of amenability to correction and a strong need for deterrence. I respectfully disagree and based on this record would reverse the order of the trial court.

_____

D. KELLY THOMAS, JR., JUDGE

2