IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 9, 2007

## STATE OF TENNESSEE v. ROSEANNE K. WARD AND
## JERRY W. WARD

**Direct Appeal from the Circuit Court for Benton County**
**No. CR1147, CR1148    Julian P. Guinn, Judge**

---

**No. W2005-01802-CCA-R9-CD  - Filed May 31, 2007**

---

This appeal arises from the Benton County Circuit Court's continued denial of pretrial diversion notwithstanding approval by the District Attorney General and previous reversal by this Court. This is the second interlocutory appeal in this matter. Upon due consideration of the record and the parties' briefs, we reverse the circuit court's judgment and remand for entry of an order approving the pretrial diversion agreement between the prosecutor and the defendants.

**Tenn. R. App. P. 9; Interlocutory Appeal; Judgment of the Circuit Court Reversed and Remanded**

J.C. MᶜLɪɴ, J., delivered the opinion of the court, in which Dᴀᴠɪᴅ G. Hᴀʏᴇs and Nᴏʀᴍᴀ MᶜGᴇᴇ Oɢʟᴇ, JJ., joined.

Terry J. Leonard, Camden, Tennessee, for the appellant, Roseanne K. Ward and Jerry W. Ward.

Robert E. Cooper, Jr., Attorney General and Reporter; Brian Clay Johnson, Assistant Attorney General; Robert Radford, District Attorney General; and Beth Boswell, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*I. Previous Appellate Opinion*

For the sake of clarity, we incorporate our entire opinion reversing the Benton County Circuit Court's decision to withhold approval of the pretrial diversion agreement between the District Attorney General and the defendants in this case. *See State v. Jerry Ward and Rosanne K. Ward*, No. W2005-01802-CCA-R9-CD, 2006 WL 851763 (Tenn. Crim App., at Jackson, Apr. 3, 2006). The case sets forth the following:

The Benton County Grand Jury indicted the defendants, Jerry and Roseanne K. Ward, for crimes against revenue officers and tampering with governmental records. The defendants and the District Attorney General agreed to pretrial diversion. When the trial court refused to approve the agreement for pretrial diversion, the defendants filed an application for an appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. We have reviewed the record and conclude that the trial court erred in withholding its approval of the pretrial diversion agreement. Therefore, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

The defendants were indicted for crimes against revenue officers, Tennessee Code Annotated section 67-1-1440(d), and tampering with governmental records, Tennessee Code Annotated section 39-16-504(a)(1) on June 6, 2005. These indictments stemmed from an incident on April 8, 2004, where Jerry Ward understated the value of a boat he purchased. Roseanne K. Ward, the County Clerk for Benton County, receipted Jerry Ward's check for the understated sales tax. At a later date, the defendants received a letter from the Tennessee Department of Revenue informing the Wards that the value of the boat was understated. Jerry Ward immediately sent a money order to the Department of Revenue for payment of appropriate sales tax and penalties.

The defendants each filed an Application for Pretrial Diversion. The District Attorney supported the grant of pretrial diversion. The trial court held a hearing on July 20, 2005 to rule on the agreement. The trial court refused to approve the agreement, stating that the District Attorney General had acted arbitrarily and capriciously in agreeing to the pretrial diversion. At the conclusion of the hearing the trial court stated the following:

> Well if I read the law correctly, if the State and the defendant agree a memorandum of understanding, that it's mandatory in most instances for the Court to approve it if the offense itself is eligible, and these offenses are eligible, you've got a class E felony and a class A misdemeanor. Not withstanding my personal opinion, I have to approve it unless I find that the prosecution has acted arbitrarily and capriciously. I can't make that decision based solely upon the nature of the offense if the offense itself is eligible. However, if there was ever an offense that aught [sic] not be eligible, it is one based upon the allegations of the indictments in each of these cases.
>
> This Court is of the opinion that the State has acted arbitrarily and capriciously in joining in this. This is a case that needs being heard by a jury. Your application is rejected.

At the conclusion of the hearing, the defendants requested a Rule 9 interlocutory appeal, which the trial court granted on the same date. We granted the defendants' application on August 26, 2005.

. . . .

The defendants' sole issue on appeal is whether the trial court erred in refusing to approve pretrial diversion for them. The defendants argue that the trial court did not actually state any reasons to support the finding that the District Attorney acted arbitrarily and capriciously. The State agrees with the defendants.

To be eligible for pretrial diversion, a defendant must not have been previously granted diversion; must not have a prior misdemeanor conviction for which a sentence of confinement was served or a prior felony conviction within a five-year period after completing the sentence or probationary period for the conviction; and must not have been charged with a Class A felony, a Class B felony, certain Class C felonies, a sexual offense, driving under the influence, or vehicular assault. *See* Tenn. Code Ann. § 40-15-105(a)(1)(B)(i)(a)-(c). However, statutory qualification for pretrial diversion does not give rise to automatic entitlement. *See State v. Bell*, 69 S.W.3d 171, 176 (Tenn. 2002); *State v. Curry*, 988 S.W.2d 153, 157 (Tenn. 1999). Rather, the decision to grant or deny pretrial diversion rests within the sound discretion of the prosecuting attorney. *Bell*, 69 S.W.3d at 176. When making a determination of eligibility for pretrial diversion, the prosecutor should focus on the defendant's amenability to correction. *Id.* In other words, the prosecutor should focus on any factors which accurately reflect the likelihood that a particular defendant will or will not become a repeat offender. *Id.* Among the factors the prosecutor should consider when making this decision are: (1) the likelihood that pretrial diversion will serve the ends of justice, as well as, both the defendant's and the public's interest; (2) the circumstances of the offense; and (3) the defendant's criminal record, social history, and physical and mental condition where appropriate. *See id.* (citing *State v. Hammersley*, 650 S.W.2d 352, 355 (Tenn. 1983)).

Although it is the defendant's responsibility to demonstrate suitability for pretrial diversion, the prosecutor is not relieved from the obligation to examine and consider all relevant factors. *Id*. at 177. In fact, when denying pretrial diversion the prosecutor must discuss in writing all relevant factors considered and the weight attributed to each factor. *Id*.; *Curry*, 988 S.W.2d at 157. Moreover, the prosecutor's written denial statement must identify any factual discrepancies between the evidence relied upon by the prosecutor and the evidence presented by the defendant. *Curry*, 988 S.W.2d at 157. Failure to consider and articulate all of the relevant factors constitutes an abuse of discretion. *See id.*

*Tennessee Code Annotated section 40-15-105(b)(2) directs a trial court to approve the memorandum of understanding recommending pretrial diversion unless: (1) the prosecution has acted arbitrarily or capriciously; (2) the memorandum of understanding was obtained by fraud; (3) diversion of the case is unlawful; or (4) the certificate from the Tennessee Bureau of Investigation as required by Tennessee Code Annotated section 40-15-106 is not attached to the memorandum. The decision of the prosecutor to grant or deny pretrial diversion is presumptively correct and will not be set aside absent abuse of discretion. Curry, 988 S.W.2d at 158. When reviewing for abuse of discretion, the trial court must consider only the evidence considered by the prosecutor. Id. The trial court may not re-weigh the evidence or substitute its view for that of the prosecutor. State v. Yancey, 69 S.W.3d 553, 559 (Tenn. 2002).*

In evaluating whether there has been an abuse of discretion, the trial court must determine whether the prosecutor has weighed and considered all of the relevant factors or whether the prosecutor reached a decision not supported by substantial evidence in the record. *Bell*, 69 S.W.3d at 179; *see also Yancey*, 69 S.W.3d at 559. The trial court may conduct a hearing, but only to resolve any factual disputes raised by the prosecutor or the defendant. *Curry*, 988 S.W.2d at 158.

In the case sub judice, the trial court stated that the District Attorney acted arbitrarily and capriciously in agreeing to the pretrial diversion. However, the trial court did not make any findings as to how the District Attorney acted arbitrarily and capriciously. Instead, it appears that the trial court substituted its judgment for that of the District Attorney's, and that of the Tennessee General Assembly. The trial court stated that this crime should not be subject to pretrial diversion, even though the legislature has decided that it is. Clearly, the trial court believed that the defendants should not be granted pretrial diversion because of the trial court's opinion as to the nature of the crime, not because of any fault on the part of the District Attorney.

The memorandum of understanding was not procured by fraud, the diversion was not unlawful, the memorandum complied with the statutory requirements, and the prosecutor did not act arbitrarily where the defendants' criminal and social history amply supported a grant of diversion. This appears to be an isolated incident on the part of the defendants, and they rectified and corrected the error, paid sales tax on the correct value of the boat, and paid the penalties. Accordingly, the judgment of the trial court is reversed and the case remanded for entry of [a]n order consistent with this opinion.

. . . .

For the foregoing reasons, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Ward*, 2006 WL 851763 (emphasis added).

## II. Analysis

As set forth above, the case was reversed and remanded. On remand, a brief hearing was held whereupon the District Attorney General reiterated its rationale for supporting pretrial diversion in this case, which included citation to this court's opinion reversing the trial court's earlier denial of the pretrial diversion agreement. In response, the trial court stated the following:

> Counsel, I'm of the opinion that this case has been remanded for one of two purposes: One, to either enter an order that allows pretrial diversion or to specifically set forth the reasons that I think the State of Tennessee acted arbitrarily and capriciously.

> I'm hard-pressed to find public dishonesty [of] a public official, something that lends itself to pretrial diversion. Notwithstanding my personal opinion, I am of the further opinion that the only thing lacking in this case is specificity in the findings to support the trial court's decision.

> I believe and continue to believe and hold that the Attorney General acted arbitrarily and capriciously in joining in pretrial diversion.

> In an attempt to assist you in this matter . . . I will reduce the findings to writing. May I assume that you would like an interlocutory appeal?

Upon review of the record, including the court's written findings, we conclude that the trial court erred in denying the pretrial diversion agreement between the District Attorney General and the defendants. First, the record reflects that the court once again substituted its own judgment for that of the prosecutor. Rather than accord deference to the prosecutor's decision approving pretrial diversion, the court again rejected the decision, and performed, in essence, its own de novo review of the defendants' application. As previously stated, the decision of the prosecutor to grant or deny pretrial diversion is presumptively correct and will not be set aside absent an abuse of discretion. *Curry*, 988 S.W.2d at 158. When reviewing for abuse of discretion, the trial court must consider only the evidence considered by the prosecutor. *Id.* The trial court may not re-weigh the evidence or substitute its view for that of the prosecutor. *Yancey*, 69 S.W.3d at 559. The court's rationale underlying its continued rejection of the pretrial diversion agreement is simply contrary to established precedent and thus in error.

In addition, the trial court's decision to reject the pretrial diversion agreement ignored the law of the case. "The appellate court directs actions and dictates results through its orders, judgments, and mandates." *State v. Williams*, 52 S.W.3d 109, 123 (Tenn. Crim. App. 2001); *see State v. Irick*, 906 S.W.2d 440, 443 (Tenn. 1995). Such orders and mandates are controlling, and the lower court

does not have "the authority to expand the directive or purpose of [the higher] [c]ourt imposed upon remand." *State v. Weston*, 60 S.W.3d 57, 59 (Tenn. 2001). Otherwise, "[t]here would be no finality or stability in the law and the court system would be chaotic in its operation and unstable and inconsistent in its decisions." *Irick*, 906 S.W.2d at 443 (quoting *Barger v. Brock*, 535 S.W.2d 337, 341 (Tenn. 1976)).

"Under the doctrine of the law of the case, when an initial appeal results in a remand to the trial court, the decision of the appellate court establishes the law of the case, which must be followed upon remand." *State v. Carter*, 114 S.W.3d 895, 902 (Tenn. 2003) (citing *State v. Jefferson*, 31 S.W.3d 558, 560-61 (Tenn. 2000)). Only under limited circumstances may a lower court reconsider an issue decided in a prior appeal. *Id.* Such limited circumstances are: (1) the evidence offered at a trial or hearing after remand was substantially different from the evidence in the initial proceeding; (2) the prior ruling was clearly erroneous and would result in a manifest injustice if allowed to stand; or (3) the prior decision is contrary to a change in the controlling law which has occurred between the first and second appeal. *Id.* None of these circumstances are applicable to this case.

Notably present in our previous decision was our determination that the district attorney general did not act arbitrarily or capriciously in approving pretrial diversion. To reiterate, we held:

> The memorandum of understanding was not procured by fraud, the diversion was not unlawful, the memorandum complied with the statutory requirements, and the prosecutor did not act arbitrarily where the defendants' criminal and social history amply supported a grant of diversion. This appears to be an isolated incident on the part of the defendants, and they rectified and corrected the error, paid sales tax on the correct value of the boat, and paid the penalties. Accordingly, the judgment of the trial court is reversed and the case remanded for entry of [a]n order consistent with this opinion.

*Ward*, 2006 WL 851763, *3. As such, the law of the case barred the court's reconsideration of the issue.

### III. Conclusion

Based on the foregoing, we conclude that the trial court improperly withheld its approval of the pretrial diversion agreement. Accordingly, the judgment of the trial court is reversed and remanded. Upon remand, the trial court is instructed to approve the pretrial diversion agreement entered into between the District Attorney General and the defendants.[1]

---

[1] We note that the District Attorney General is free to give retroactive effect to the pretrial agreement if the defendants have properly adhered to its terms.

_____
J.C. McLIN, JUDGE