IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 26, 2008

**STATE OF TENNESSEE v. BRIAN A. LOWMAN**

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 258379     Rebecca Stern, Judge**

_____

**No. E2007-02343-CCA-R10-CD - Filed February 12, 2009**

_____

The defendant, Brian A. Lowman, was denied pretrial diversion by the district attorney general for Hamilton County and requested review of the denial by the trial court. After review, the trial court reversed the denial of pretrial diversion by the district attorney general. The State then appealed the decision of the trial court to this court for review. After careful review, we conclude that the district attorney general did not abuse his discretion in denying pretrial diversion and reverse the decision of the trial court granting pretrial diversion.

**Tenn. R. App. P. 10 Extraordinary Appeal; Judgment of the Criminal Court Reversed and Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J.C. MCLIN, JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; William L. Gibbons, District Attorney General; and Bates Bryan, Assistant District Attorney General, for the appellant, State of Tennessee.

John R. Morgan, Chattanooga, Tennessee, for the appellee, Brian A. Lowman.

**OPINION**

The defendant was indicted on April 12, 2006 for the offense of solicitation of a minor. The facts contained in the indictment alleged that the defendant contacted the fifteen-year-old intended victim to engage in conduct that, if completed, would have constituted the offense of statutory rape or sexual battery.

On August 14, 2006, the defendant applied with the district attorney general for pretrial diversion, which the district attorney general denied on November 28, 2006. The written denial contains the additional facts: (1) the defendant met the intended victim while she was a patient at the dental clinic where he was a dental hygienist; (2) the defendant began contacting the intended victim through email and made comments to her about having fun with an older man and mentioned

different sexual positions; and (3) the defendant arranged a meeting on October 15, 2005, in a low traffic area for the purpose of engaging in sexual activity.

On December 5, 2006, the defendant filed a petition for writ of certiorari with the trial court to review the denial of diversion. The trial court petition granted the petition for writ of certiorari on August 1, 2007, and reversed the district attorney general's denial of pretrial diversion. The matter was remanded to the district attorney general for entry of a memorandum of understanding. The State filed a motion to pursue an interlocutory appeal, which was denied by the trial court on September 19, 2007. The State applied for an extraordinary appeal pursuant to Tennessee Rule of Appellate Procedure 10, which was granted by this court on November 28, 2007.

The State argues on appeal that the trial court erred in concluding that the district attorney general abused his discretion in denying pretrial diversion. Specifically, the State contends that the district attorney general considered each of the relevant factors in denying the defendant's request for diversion and in no way abused his discretion. The State argues that the trial court reweighed the evidence and substituted its view for that of the State, which should result in a reversal of the trial court's order.

Pursuant to Tennessee Code Annotated section 40-15-105(a)(1)(A) (2006), a district attorney general and a defendant may enter into an agreement to suspend prosecution of the defendant for a period not to exceed two years. To qualify for diversion, the defendant must meet three criteria: (1) he must not have previously been granted diversion; (2) he must not have a prior misdemeanor conviction for which a sentence of confinement was served or a prior felony within a five-year period after completing the sentence or probationary period for such conviction; and (3) he must not be presently charged with one of an enumerated list of offenses. T.C.A. § 40-15-105(a)(1)(B)(ii). A defendant eligible for consideration for pretrial diversion is not presumptively entitled to a grant of pretrial diversion. *State v. McKim*, 215 S.W.3d 781, 786 (Tenn. 2007) (citing *State v. Curry*, 988 S.W.2d 153, 157 (Tenn. 1999)). The defendant has the burden of establishing that pretrial diversion is appropriate. *State v. Bell*, 69 S.W.3d 171, 179 (Tenn. 2002).

Tennessee Code Annotated section 40-15-105(b)(3) conveys the discretion to grant or deny an application for pretrial diversion upon the district attorney general. The district attorney general's analysis must be conducted on a case-by-case basis. *State v. Markham*, 755 S.W.2d 850, 853 (Tenn. Crim. App. 1988). He must consider several factors when reviewing an application for pretrial diversion, including: the circumstances of the offense; the defendant's criminal record and social history; the physical and mental condition of the defendant; and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant. *State v. Hammersley*, 650 S.W.2d 352, 355 (Tenn. 1983). "In determining whether to grant pretrial diversion, the district attorney general 'has a duty to exercise his or her discretion by focusing on a defendant's amenability for correction *and* by considering all of the relevant factors, including evidence that is favorable to a defendant.'" *McKim*, 215 S.W.3d at 786 (quoting *Bell*, 69 S.W.3d at 178).

If the district attorney general denies the application for pretrial diversion, "the factors upon which the denial is based must be clearly articulable and stated in the record." *McKim*, 215 S.W.3d at 787. The denial must be written and must list the evidence considered and discuss which factors were considered and the weight accorded to each. *State v. Pinkham*, 955 S.W.2d 956, 960 (Tenn. 1997). If the district attorney general denies the application, the defendant may seek review in the trial court pursuant to Tennessee Code Annotated section 40-15-105(b)(3).

The trial court may only review the evidence considered by the district attorney general, and the court's role is to determine whether the district attorney general abused his or her discretion. *Bell*, 69 S.W.3d at 177. The trial court may conduct a hearing only to resolve factual disputes raised by either the defendant or the district attorney general. *Id.* The trial court may not hear additional evidence not considered by the prosecutor. *Curry*, 988 S.W.2d at 157-58. The decision of the district attorney general to deny pretrial diversion is considered "presumptively correct." *Id.* The trial court cannot set aside the denial unless it finds a gross and patent abuse of discretion. *State v. Hammersley*, 650 S.W.2d at 356. The trial court should examine each relevant factor in the pretrial diversion process to determine whether the district attorney general has considered that factor and whether the district attorney general's finding with respect to that factor is supported by substantial evidence. *State v. Yancey*, 69 S.W.3d 553, 559 (Tenn. 2002). A district attorney general's failure to consider and articulate all relevant factors in denying the application may constitute an abuse of discretion. *McKim*, 215 S.W.3d at 787 (citing *Bell*, 69 S.W.3d at 178; *Curry*, 988 S.W.2d at 159). The underlying issue that this court must determine on appeal is whether, as a matter of law, the district attorney general abused his or her discretion in denying pretrial diversion. *State v. Carr,* 861 S.W.2d 850, 856 (Tenn. Crim. App. 1993).

In this case, the district attorney general issued a written denial of the request for pretrial diversion, which stated:

> After careful consideration and balancing of all factors present in the above styled case, this office must deny your clients request for pre-trial diversion.
>
> The defendant has represented his own character through his Psychologist and friends. His Psychologist has been treating him as a result of " . . . emotional and legal difficulties secondary to his arrest." There is no detail of problems had by the defendant or treatment, so it is impossible to know the weight to give his conclusion that the defendant "appears to have good conscience development and appropriate guilt."
>
> The defendant's friends have provided six letters on behalf of the defendant which ranges from what a fine, Christian, family man he has always been, to the good job he has done as a youth counselor. (I must say that the youth counselor portions of the letters have a few flags waiving in my head given the present charges).

The defendant's work history seems to have been steady throughout his adult life. The defendant appears to have no disqualifying convictions.

The facts of this case are that the 33 year old defendant met the 15 year old intended victim while she was a patient at the dental clinic where he was a dental hygienist. He began e-mailing her in May of 2005, and began a long road of attempted seduction making comments about her having fun with an older man, different sexual positions etc. until he finally was able to arrange a meeting on October 15, 2005, in a low traffic area for the purpose of committing sexual battery, rape, or statutory rape.

The potential damage to society, in particular young girls on whom the defendant becomes focused, is immense.

This was not the "one time slip up" sort of case or "everyone makes a mistake" sort of event that the pretrial diversion statute is directed toward. This is the case of a predator slowly setting his trap, waiting for months, exhibiting cunning and patience for his young quarry. Fortunately in this case the police showed up instead of the intended victim.

The factors that he abused a position of trust, that the victim was particularly vulnerable because of age, or that the defendant's plan was an extended five month scheme each individually would be sufficient to outweigh the character shown by the defendant in regard to a pretrial diversion consideration, but in this case all three combined make the decision to deny the obvious one.

The trial court issued a memorandum in support of its order that overruled the district attorney general's denial of pretrial diversion, which stated: "Considering both application and denial and finding that, though the prosecutor did consider all relevant factors, substantial evidence does not support the denial, the Court decides that the prosecutor's decision should be reversed."

However, the trial court found an abuse of discretion with respect to the evidentiary basis for the prosecutor's decision. Specifically, the trial court disagreed with the weight the prosecutor placed on the age of the victim because "it is only the circumstance of the victim's minority that makes the defendant's conduct criminal." The trial court also found that there was not enough evidence to support the district attorney general's conclusions with regard to the defendant's preparation for the offense.

The State argues that the record reflects that the district attorney general properly weighed the factors both for and against a grant of pretrial diversion. The district attorney general determined that the facts of the offense, that the defendant abused a position of trust, that the victim was vulnerable because of her age, and that the defendant's plan was a five-month, extended scheme were sufficient to outweigh the factors in favor of granting diversion. The State points to the

decisions in *Curry* and *Carr* to demonstrate that "the circumstances of the offense and the need for deterrence may alone justify a denial of diversion, but only if all the relevant factors have been considered." *Curry*, 988 S.W.2d at 158; *see also State v. Carr*, 861 S.W.2d 850, 855 (Tenn. Crim. App. 1993).

Here, there were no factual disputes to be resolved by the trial court. The issue was whether the district attorney general abused his discretion when he denied the defendant pretrial diversion. The trial court may not simply substitute its judgment for that of the district attorney general. *Carr*, 861 S.W.2d at 856. If the record would support either a grant or a denial of pretrial diversion, the trial court must defer to the prosecutor's discretionary decision. *Id*. Our supreme court has previously stated regarding a discretionary decision, in a different context, that if "the evidence would support either conclusion . . . it cannot be an abuse of discretion to decide the case either way." *Id*. (citing *State v. Greer*, 568 S.W.2d 285, 286 (1978)). Here, the trial court found that the district attorney general had considered all relevant factors but disagreed with the conclusion that the factors against diversion outweighed the factors considered in favor of diversion.

We conclude that the district attorney general did not abuse his discretion by denying pretrial diversion. He considered the relevant factors in favor of diversion, such as the defendant's lack of criminal convictions and the positive letters submitted on his behalf. The district attorney general simply concluded that the positives were outweighed by the negatives, which included the length of time he attempted to seduce the victim, the potential impact on the community, the vulnerability of the victim due to her age, and the defendant's abuse of a position of trust as an authority figure to the victim. We conclude that such a decision was within the district attorney general's discretion. Accordingly, the judgment of the trial court ordering the district attorney general to grant pretrial diversion to the defendant is reversed, and the case is remanded to the trial court for further proceedings.

_____
JOHN EVERETT WILLIAMS, JUDGE