IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 3, 2009

**STATE OF TENNESSEE v. HALBERT B. DODD, II**

**Direct Appeal from the Circuit Court for Gibson County**
**No. 17758   Jerry Scott, Judge**

_____

**No. W2008-01484-CCA-R9-CD  - Filed August 17, 2009**

_____

The defendant, Halbert B. Dodd, II, was indicted on two counts of reckless endangerment with a deadly weapon and two counts of aggravated assault.  The defendant applied for pretrial diversion and the prosecutor denied the defendant's application.  The trial court granted the defendant's writ of certiorari and determined that the prosecutor had not abused his discretion in denying pretrial diversion.  The defendant's motion for an interlocutory appeal was granted.  On appeal, the defendant asserts that the trial court erred in finding that the prosecutor had not abused his discretion in denying pretrial diversion and that the prosecutor's abuse of discretion was evidenced by his: (1) characterization of the defendant's past behavior as a "history of criminal behavior"; (2) failure to consider evidence which tended to show that the defendant was amenable to correction; (3) reliance on the defendant's failure to admit guilt; and (4) failure to consider all factors favorable to diversion. Following our review of the parties' briefs, the record, and the applicable law, we affirm the order of the trial court.

**Tenn. R. App. P. 9 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. McLin, J., delivered the opinion of the court, in which John Everett Williams and Camille R. McMullen, JJ., joined.

Bruce Conley, Union City, Tennessee, for the appellant, Halbert B. Dodd, II.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Garry G. Brown, District Attorney General; and Matthew Hooper, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

BACKGROUND

The defendant, Halbert B. Dodd, II, was indicted on two counts of reckless endangerment with a deadly weapon and two counts of aggravated assault. The defendant submitted an application for pretrial diversion to the prosecutor and supplemented his application with three affidavits in support of diversion. The affidavits provided statements of individuals attesting to the defendant's service to the community as a physician, his participation in a medical missionary trip, his service as a member of the Union City School Board, and his cooperation with law enforcement officers in his role as the Obion County Medical Examiner.

A pretrial diversion investigation was conducted by the board of probation and parole. According to the report generated during the investigation, on February 13, 2007, Loretta Atkins and her daughter were traveling on Highway 5 when a truck, flashing its lights, approached her vehicle from behind. The truck passed Ms. Atkins's vehicle, pulled in front of her, and slowed down. Ms. Atkins pulled over to determine what the driver of the truck wanted. The driver of the truck exited his vehicle and pointed a gun towards her vehicle. Ms. Atkins immediately called 911 and reported the incident. Union City Police later stopped the defendant and found he was in possession of a Colt .45 handgun.

According to a statement given by the defendant regarding the events of February 13, 2007, he was driving on Highway 5 when he noticed that the interior dashboard lights of his truck were malfunctioning. The defendant pulled to the side of the road to check his dashboard lights and another vehicle pulled off of the road behind him. When the defendant walked to the rear of his truck, the other vehicle drove back onto the highway and headed north. The defendant returned to his vehicle and drove to Union City. The defendant denied that he pointed a gun at the other vehicle and claimed, "I am sixty-one years old and have owned guns all of my adult life, I have never pointed a gun at anyone." (I, 14).

The investigation report indicated that the defendant was unemployed and last worked in sales at an automobile dealership in Jackson, Tennessee. The report also included a history of the defendant's medical career. According to the report, in 1973, the defendant was licensed to practice medicine in Tennessee. In 1999, the Board of Medical Examiners reviewed complaints lodged against the defendant and issued findings of fact after a hearing. According to the board's findings, on May 5, 1998, the defendant threatened a patient with a gun. On the day following the incident, hospital administrators suspended the defendant's hospital privileges. Action by the medical board included the suspension of the defendant's license for six months. The defendant was placed on administrative probation for three years, ordered to undergo periodic drug screens, and ordered to submit to physical and psychiatric examinations. The defendant was also permanently prohibited from prescribing any controlled substances to family members or to himself and from carrying a weapon during any activity related to the practice of medicine. (18) In November of 2003, the

defendant's medical license was again suspended upon a finding by the medical board that he had several probation violations including a positive drug screen. On March 17, 2004, the medical board found that the defendant had practiced medicine in violation of the terms of his suspension and his medical license was revoked.

The investigation report also stated that the defendant considered his physical condition to be fair and provided the defendant's current medical issues and medications. Personal and family information revealed that the defendant was married and had five children, the youngest of whom was attending college. According to the report, the defendant had no criminal convictions.

The prosecutor denied the defendant pretrial diversion. In support of his denial, the prosecutor filed a document entitled "Denial of Diversion," incorporating by reference the pretrial diversion report and stating the basis for denial of pretrial diversion. The prosecutor also filed a "Supplement To The State's Denial of Diversion," providing a list of sources reviewed and designating the weight assigned to each factor considered in denying the pretrial diversion. According to the supplement, factors were considered and weighed as follows:

1. The defendant's history of criminality weighed very heavily in the State's decision.

2. The defendant's lack of candor in the presentence investigation is a significant factor weighing against diversion.

3. The defendant's employment status weighs against diversion because a conviction, while harmful to the defendant's future employment prospects, would do relatively little harm to those prospects when compared to what the defendant's previous behavior has done to them.

4. The defendant's use of a firearm weighs as heavily as his criminal history, but either factor standing alone would result in a denial of diversion.

5. The harm to the victims also weighs as heavily as the criminal history.

6. The defendant's failure to accept responsibility for the charged offense weighs somewhat against granting diversion because admission of fault is the first step in correction one's behavior. (29)

The prosecutor weighed the defendant's past performance with administrative probation as a "very significant factor in the denial." According to the supplement, the factors, "when combined, make diversion extremely inappropriate because they reveal an abnormal and dangerous lack of concern for the welfare of others." (29-30) "The defendant's career of saving lives as a doctor and his record of performance as a public official" were considered by the prosecutor. The prosecutor found that the defendant's loss of his medical license as a result of disciplinary action by the medical board weighed against diversion. The defendant's marriage, children, friends willing to submit affidavits, medical difficulties, and age "weigh[ed] very little in the equation, particularly when compared to the other factors involved, both pro and con." (30) The defendant's religious and community service were substantial factors in favor of diversion but were "far outweighed by the factors weighing against diversion." (31)

The defendant filed a writ of certiorari alleging that the prosecutor abused his discretion in denying pretrial diversion by relying on a DUI arrest. While admitting the defendant was arrested and charged with DUI, the defendant asserted that the prosecutor's reliance on the arrest in denying diversion was improper because the charge was dismissed. The trial court granted defendant's writ of certiorari. At a subsequent hearing, parties agreed that the defendant qualified under the statute

for diversion and defense counsel announced that the defendant did not dispute any relevant facts. However, defense counsel objected to the prosecutor's mischaracterization of the defendant's past behavior as "criminal." Specifically, defense counsel asserted that the defendant had not been convicted on any charges in connection with events relied upon by the prosecutor in denying diversion including the defendant's 1997 DUI arrest, an incident in 1998 involving the defendant's use of a gun, and the defendant's alleged use of illegal drugs. The sole issue before the trial court was whether the prosecutor abused his discretion in denying the defendant's pretrial diversion. (5, 6,)

The trial court found that illegal drug use by the defendant was not supported by the record and that the defendant's DUI arrest should not have been considered by the state in denying pretrial diversion. However, the court found the weight of the evidence in the record supported the denial of diversion. The court ruled that the prosecutor had not abused his discretion in denying diversion. Accordingly, the trial court denied defendant's petition for certiorari. The defendant applied for and was granted permission for an interlocutory appeal to this court.

ANALYSIS

To be eligible for pretrial diversion, a defendant must not have been previously granted diversion; must not have a prior misdemeanor conviction for which a sentence of confinement was served or a prior felony conviction within a five-year period after completing the sentence or probationary period for the conviction; and must not have been charged with a Class A felony, a

Class B felony, certain Class C felonies, a sexual offense, driving under the influence, or vehicular assault. *See* Tenn. Code Ann. § 40-15-105(a)(1)(B)(i)(a)-(c). However, statutory qualification for pretrial diversion does not give rise to automatic entitlement. *See State v. Bell*, 69 S.W.3d 171, 176 (Tenn. 2002); *State v. Curry*, 988 S.W.2d 153, 157 (Tenn. 1999). Rather, the decision to grant or deny pretrial diversion rests within the sound discretion of the prosecuting attorney. *Bell*, 69 S.W.3d at 176. When making a determination of eligibility for pretrial diversion, the prosecutor should focus on the defendant's amenability to correction. *Id*. In other words, the prosecutor should focus on any factors which accurately reflect the likelihood that a particular defendant will or will not become a repeat offender. *Id*. Among the factors the prosecutor should consider when making this decision are: (1) the likelihood that pretrial diversion will serve the ends of justice, as well as both the defendant's and the public's interest; (2) the circumstances of the offense; and (3) the defendant's criminal record, social history, and physical and mental condition where appropriate. *See id*. (citing *State v. Hammersley*, 650 S.W.2d 352, 355 (Tenn. 1983)).

Although it is the defendant's responsibility to demonstrate suitability for pretrial diversion, the prosecutor is not relieved from the obligation to examine and consider all relevant factors. *Id*. at 177. In fact, when denying pretrial diversion the prosecutor must discuss in writing all relevant factors considered and the weight attributed to each factor. *Id.; Curry*, 988 S.W.2d at 157. Moreover, the prosecutor's written denial statement must identify any factual discrepancies between the evidence relied upon by the prosecutor and the evidence presented by the defendant. *Curry*, 988 S.W.2d at 157. Failure to consider and articulate all of the relevant factors constitutes an abuse of discretion. *See id.*

If the defendant's application for pretrial diversion is denied, the defendant may appeal to the trial court for a writ of certiorari. *See* Tenn. Code Ann. § 40-15-105(b)(3). However, the decision of the prosecutor to grant or deny pretrial diversion is presumptively correct and will not be set aside absent abuse of discretion. *Curry*, 988 S.W.2d at 158. When reviewing for abuse of discretion, the trial court must consider only the evidence considered by the prosecutor. *Id*. In evaluating whether there has been an abuse of discretion, the trial court must determine whether the prosecutor has weighed and considered all of the relevant factors or whether the prosecutor reached a decision not supported by substantial evidence in the record. *Bell*, 69 S.W.3d at 179; *see also State v. Yancey*, 69 S.W.3d 553, 559 (Tenn. 2002). The trial court may not re-weigh the evidence or substitute its view for that of the prosecutor. *Yancey*, 69 S.W.3d at 559. The trial court cannot reasonably conclude that there exists substantial evidence supporting the prosecutor's decision if the prosecutor failed to consider all of the relevant factors and their relative weight. *Bell*, 69 S.W.3d at 179. Moreover, the prosecutor's "failure to consider all relevant factors, including evidence favorable to the defendant, cannot be cured by the trial court's review." *Id*. The record as a whole cannot support the prosecutor's denial of diversion if the prosecutor failed to consider and weigh all of the relevant factors including evidence favorable to the defendant. *Id*. at 178. A certiorari review by the trial court requires a review of the method used by the prosecutor but not the intrinsic correctness of the prosecutor's denial decision. *See id.* at 558-59. The trial court may conduct a hearing, but only to resolve any factual disputes raised by the prosecutor or the defendant. *Curry,* 988 S.W.2d at 158. The trial court may not discuss new or additional considerations regarding the

denial of diversion absent appropriate findings by the prosecutor. *Yancey*, 69 S.W.3d at 559; *Curry*, 988 S.W.2d at 158.

On appeal, this court must determine whether the trial court's determination is supported by a preponderance of the evidence. *Id.* We are "bound by factual findings made by the trial court unless the evidence preponderates against them." *Bell*, 69 S.W.3d at 177. "However, if the evidence of record is undisputed and calls for no finding of fact to resolve the issue, a trial court's determinations constitute conclusions of law to which an appellate court is not bound." *State v. Carr*, 861 S.W.2d 850, 856 (Tenn. Crim. App. 1993). Therefore, when the facts are undisputed, the underlying issue on appeal remains whether, as a matter of law, the prosecutor's denial of pretrial diversion was an abuse of discretion. *See State v. Brooks*, 943 S.W.2d 411, 413 (Tenn. Crim. App. 1997); *State v. Carr*, 861 S.W.2d 850, 856 (Tenn. Crim. App. 1993).

I. Consideration of Past Behavior

On appeal, the defendant asserts that the trial court's finding that the prosecutor improperly considered the defendant's DUI arrest and the court's finding that the record did not support illegal drug use by the defendant showed that the prosecutor considered irrelevant factors. The defendant argues that because the prosecutor considered irrelevant factors in denying diversion, the trial court should have found that the prosecutor abused his discretion.

Our review of the record reveals that the trial court did not err in finding substantial evidence in the record to support the prosecutor's denial of diversion. However, we note that while the prosecutor clearly acknowledged that the DUI arrest did not lead to a conviction, the classification of the arrest as evidence of the defendant's "history of criminal behavior" could be misunderstood to indicate that the defendant had a criminal record. Notwithstanding any danger of confusion with regard to defendant's history, we cannot conclude that the prosecutor abused his discretion in considering the defendant's DUI arrest as a factor relevant to his amenability for correction. *See Hammersely*, 650 S.W.2d 355 (holding a prosecutor should consider any factors which accurately reflect a defendant's amenability to correction including the defendant's social history, mental condition and the best interest of the public); *see also Pinkham*, 955 S.W.2d at 959-60. However, even if we consider the defendant's DUI arrest irrelevant to the prosecutor's consideration of pretrial diversion, the record establishes that all relevant factors were considered and weighed and that the remaining factors supported denial of pretrial diversion.

The prosecutor's consideration of the defendant's drug use was supported by uncontested facts included in the investigation report. The report indicates that as a condition of probation imposed by the Tennessee Board of Medical Examiners, the defendant underwent "periodic drug screens, and he was permanently prohibited from prescribing any controlled substance for himself[.]" The report further stated that, "[o]n at least one occasion drug screen results provided to the [Tennessee Medical Foundation] were positive for prohibited drugs." While we cannot wholly approve of the prosecutor's word choice in referring to the defendant's "illegal drug use" in support of a "history of criminal behavior," we note that the prosecutor did not assert that the defendant had

a criminal conviction. Moreover, the record contains evidence of a positive drug screen indicating that the defendant violated the terms of his administrative probation which included that he was prohibited from prescribing controlled substances for himself. Therefore, the record contains evidence of a violation of administrative probation and of the unauthorized use of a controlled substance relevant to the defendant's social history and the public's interest. Additionally, circumstances preceding the revocation of the defendant's medical license which included a violation of his administrative probation were relevant in making a determination regarding the defendant's amenability to correction. *See Pinkham*, 955 S.W.2d at 960 (holding the circumstances related to the surrender of the defendant's law license relevant to the defendant's amenability to correction and the public's best interest). Accordingly, we conclude that the prosecutor's consideration of evidence of the defendant's prohibited drug use was not an abuse of discretion.

The defendant also asserts that the prosecutor's reference to an incident involving the defendant's past use of a gun in support of a "history of criminal behavior" was an abuse of discretion. The record reveals that in 1998, while the defendant was working in the Baptist Memorial Hospital emergency room, he became involved in an altercation and threatened a patient with a gun. A police officer present in the emergency room instructed the defendant to put the gun away. The police officer later reported that the patient was in shock and appeared to be afraid that the defendant would shoot him. The defendant does not deny the incident or that the incident resulted in administrative action by the Board of Medical Examiners. Instead, the defendant asserts that his conduct was not criminal and argues that the absence of an arrest and conviction, the incident should not have been considered as a factor weighing against diversion. We disagree. The

-11-

defendant's behavior in connection with the 1998 incident was relevant to the defendant's social history and to the public's interests. Additionally, the defendant's past use of a gun was relevant to the issue of the defendant's amenability to correction. *See State v. Robert L. Gibson*, No. M2005-00100-CCA-R9-CO, 2005 WL 2477529, at *5 (Tenn. Crim. App., at Nashville, Oct. 7, 2005) *perm. app. denied* (Tenn. Jan. 30, 2006). Furthermore, a review of the record reveals that while the conduct did not result in an arrest and conviction, it was not without reprimand or consequences. As a result of the defendant's pulling a gun on a patient, he lost hospital privileges. Additionally, the incident contributed to the medical board's decision to place the defendant on administrative probation. We conclude that the prosecutor did not abuse his discretion in weighing the incident as a factor against diversion.

We further note that the defendant's reliance on *State v. McKim*, 215 S.W.3d 781 (Tenn. 2007), is misplaced. In *McKim*, the defendant was charged with criminally negligent homicide, a crime which the prosecutor thought should not be subject to diversion. *Id.* at 788-89. The *McKim* court found that the prosecutor abused his discretion by considering the egregious nature of the charged crime and by failing to focus his analysis on the proper issue or to consider factors weighing in favor of diversion. *Id.* at 789. In the instant case, the record supports that the prosecutor properly focused on the defendant's amenability to correction and considered all factors weighing in favor of diversion. *See Hammersley*, 650 S.W.2d at 355. Accordingly, we conclude that the evidence does not preponderate against the prosecutor's consideration of the defendant's past behavior.

## II. Amenability to Correction

The defendant asserts that his lack of criminal conduct in the eighteen months since he was charged demonstrated his amenability to correction. He further asserts that his good conduct was not considered by the prosecutor. The record reveals that the prosecutor considered the conduct of the defendant since the time of the charge and determined that the defendant's lack of candor with the probation officer conducting the investigation weighed against diversion. In our view, the prosecutor's assessment of the defendant's conduct since his arrest was supported by the record. The record reflects that the defendant told the investigating officer that he was no longer practicing medicine because he had voluntarily given up his practice. He failed to reveal that his medical license had been revoked or suspended while the record indicates that his license had been suspended and revoked. The defendant also claimed that he had never pointed a gun at anyone. His claim is not supported by the record which includes a report of the defendant's past use of a gun in a threatening manner.

As previously stated, it appears that the prosecutor considered other factors relevant to the defendant's amenability to correction including evidence of the defendant's violation of his administrative probation, which involved his use of prohibited drugs, and of the defendant's past use of a gun in light of the current charges. We conclude that the prosecutor did not abuse his discretion in considering the defendant's amenability to correction.

### III. Lack of Confession

The defendant also asserts that the prosecutor's consideration of his lack of confession was an abuse of discretion. A defendant is not required to admit guilt, neither can the prosecutor make an admission of guilt a prerequisite to favorable consideration for pretrial diversion. *See State v. Lane*, 56 S.W.3d 20, 29 (Tenn. Crim. App. 2000). If the record is silent concerning the state's potential proof against the defendant, the defendant's alleged refusal to take responsibility for his actions is not a proper consideration in determining pretrial diversion. *See State v. William Lee Clifton,* No. W2002-00661-CCA-R9-CD, 2002 WL 31852864, *4 (Tenn. Crim. App., at Jackson, Dec. 20, 2002) (finding the record did not support that the defendant had been dishonest or indicate that the state had proof against the defendant other than what was contained in the indictment). "However, a defendant's denial of guilt which exposes the defendant as being untruthful with the court is a proper basis for denying diversion." *State v. Billy Joe Elliot*, No. E2007-00486-CCA-R3-CD, 2008 WL 440441, at *5 (Tenn. Crim. App., at Knoxville, Feb. 19, 2008) (finding substantial evidence to support the denial of judicial diversion where the defendant claimed he was innocent of the charged offense and the state demonstrated strong evidence contrary to the defendant's denial); *see also State v. Anderson,* 857 S.W.2d 571, 573-74 (Tenn. Crim. App. 1992).

In the instant case, the record reveals that the defendant's denial of the charged offense was contrary to the statements of the victim. Furthermore, the defendant's statement contained other assertions which were contradicted by the investigation report and indicated that the defendant had been untruthful with the probation officer in providing information during the pretrial diversion investigation. We conclude that the prosecutor's consideration of the defendant's denial of the charged offense was proper in light of countervailing statements in the record by potential witnesses

and a lack of candor by the defendant in making other assertions contained in his statement. Additionally, we note that the defendant's lack of confession was not the prosecutor's single basis for denial of diversion. We conclude that the prosecutor did not abuse his discretion in considering the defendant's lack of confession.

## IV. Consideration of Factors in Favor of Diversion

Finally, the defendant asserts that the prosecutor failed to consider all factors weighing in favor of diversion. We disagree. Factors listed by the prosecutor as weighing in favor of diversion included the defendant's marriage, children, medical problems, and age. The prosecutor addressed these factors and found that when compared with other relevant factors, both for and against diversion, these factors "weighed very little in the equation." The prosecutor also considered the defendant's community and religious service as a substantial factor weighing in favor of diversion but found the defendant's service work was outweighed by other factors. It is not the function of this court to re-weigh the evidence, nor does the evidence weigh against the prosecutor's decision in this instance. We conclude that the prosecutor properly identified and weighed all relevant factors.

## Conclusion

We concluded that the prosecutor's denial of pretrial diversion is supported by the record and that the trial court did not err in finding that the attorney general did not abuse his discretion in denying pretrial diversion. Based on the foregoing, we affirm the order of the trial court.

-15-

_____

J.C. McLIN, JUDGE